(46 P.3d 1216)
No. 85,586

STATE OF KANSAS, *Appellee*, v. ANDREW T. DICKSON, *Appellant*.

Opinion filed May 24, 2002.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before PIERRON, P.J., BEIER, J., and BUCHELE, S.J.

BEIER, J.: Andrew T. Dickson appeals his convictions after jury trial on three counts of rape, one count of aggravated criminal sodomy, and one count of criminal sodomy. He raises four issues: (1) Did the district court give an improper preliminary instruction? (2) Was the evidence sufficient to support the criminal sodomy conviction? (3) Did the district court err by failing to give a multiple acts unanimity instruction? and (4) Was his sentence on his rape conviction on Count IV illegal?

We will restate the facts in this sickening case only as necessary for an understanding of our holdings. The charges arose out of Dickson's sexual activity with two young sisters, K.D. and M.D.

Dickson's challenge to the district court's preliminary instructions focuses on the following language: "During the course of this trial, you will hear testimony in regard to certain locations within Sedgwick County. You may not visit these locations on your own, and you may not otherwise conduct your own investigation of these matters. All proper investigations have already been conducted."

Dickson did not object to this instruction at trial and must therefore demonstrate on appeal that the instruction was clearly erroneous, *i.e.*, persuade us that there was a real possibility the jury would have rendered a different verdict if the error had not occurred. See *State v. Evans*, 270 Kan. 585, 588, 17 P.3d 340 (2001).

Dickson's first argument is that the instruction shifted the burden of proof on the element of venue to him. Once the State put on its evidence regarding the Sedgwick County locations of the various crimes, venue was never contested. We therefore conclude that any error in mentioning Sedgwick County in the instruction could not have made the difference between a guilty and not guilty verdict on the charges, particularly in the context of other preliminary and final instructions about the State's burden to prove Dickson's guilt and listing venue among the elements it must establish.

Dickson also argues the last sentence in the same instruction constituted a favorable comment on the credibility of the State's witnesses. Because his convictions rested upon the inconsistent testimony of K.D. and M.D., he says, the judge's instruction was prejudicial. Dickson is correct that "a judge should exercise great care and caution to say nothing within the hearing of the jury which would give them an indication of what he thought about the truth or falsity of any part of the testimony." *State v. Boyd*, 222 Kan. 155, 159, 563 P.2d 446 (1977). However, we read the challenged sentence as being neutral. The court did not single out the State's investigators as especially competent or their results as especially trustworthy. A reasonable juror would assume that both sides in such a serious case had fully investigated its facts and prepared for trial. The inclusion of this sentence was not error.

All of this being said, we are compelled to note that the instruction deviated substantially from its apparent model, PIK Civ. 3d 101.10(c). We do not disapprove of the district court's effort to ensure that jurors decide the case only on the evidence presented and not on any amateur sleuthing they might conduct at or near the locations described in the testimony. But our appellate courts have repeatedly advised district judges to use PIK language, absent particular facts requiring modification. See, *e.g.*, *State v. Moncla*, 262 Kan. 58, 71, 936 P.2d 727 (1997). Nothing about this case

required the modifications that led to Dickson's arguments. Again, we urge district judges not to wander too far from PIK unless absolutely necessary.

Dickson's next argument attacks the sufficiency of the evidence to support his criminal sodomy conviction for causing M.D. to engage in anal intercourse, in violation of K.S.A. 21-3505(a)(3).

According to the testimony supporting this count, Dickson, M.D.'s father, M.D., and two other children were watching television after school. After M.D.'s father fell asleep, Dickson, clad only in his underwear, covered himself and M.D.'s legs with a blanket. When M.D. moved the blanket, she saw Dickson's penis, and he asked her to hold it. She did not but replaced the blanket. M.D. tried to get away from Dickson, but he moved her to the top of his legs under the blanket. Dickson then pushed M.D.'s clothing aside and inserted his penis into M.D.'s anus. According to M.D., she had already been raped by Dickson on another occasion when he had thrown her onto a bed and placed a pillow over her face until she passed out, and she was afraid of him.

On appeal, Dickson concedes that he engaged in sodomy with M.D., which is an offense under K.S.A. 21-3505(a)(2), but he claims there was no proof that he caused M.D. to engage in sodomy with any person or animal as required by K.S.A. 21-3505(a)(3), the particular subsection under which he was charged.

"When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Jasper*, 269 Kan. 649, 655, 8 P.3d 708 (2000).

Resolution of this issue also requires us to analyze and interpret K.S.A. 21-3505 on criminal sodomy. This endeavor is assisted by simultaneous review and interpretation of K.S.A. 21-3506 on aggravated criminal sodomy.

K.S.A. 21-3505 provides:

"(a) Criminal sodomy is:
    (1)   Sodomy between persons who are 16 or more years of age and members of the same sex or between a person and an animal;

(2) sodomy with a child who is 14 or more years of age but less than 16 years of age; or

(3) causing a child 14 or more years of age but less than 16 years of age to engage in sodomy with any person or animal.

"(b) It shall be a defense to a prosecution of criminal sodomy as provided in subsection (a)(2) that the child was married to the accused at the time of the offense.

"(c) Criminal sodomy as provided in subsection (a)(1) is a class B nonperson misdemeanor. Criminal sodomy as provided in subsections (a)(2) and (a)(3) is a severity level 3, person felony."

## K.S.A. 21-3506 provides:

"(a) Aggravated criminal sodomy is:

(1) Sodomy with a child who is under 14 years of age;

(2) causing a child under 14 years of age to engage in sodomy with any person or an animal; or

(3) sodomy with a person who does not consent to the sodomy or causing a person, without the person's consent, to engage in sodomy with any person or an animal, under any of the following circumstances:

(A) When the victim is overcome by force or fear;

(B) when the victim is unconscious or physically powerless; or

(C) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition was known by the offender or was reasonably apparent to the offender.

"(b) It shall be a defense to a prosecution of aggravated criminal sodomy under subsection (a)(1) that the child was married to the accused at the time of the offense.

"(c) Aggravated criminal sodomy is a severity level 2, person felony."

Interpretation of a statute raises a question of law, and our review of such questions is unlimited. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998). The fundamental rule of statutory interpretation is that the legislative intent governs when the intent can be ascertained from the statute. 266 Kan. at 43-44. In addition, criminal statutes must be strictly construed in favor of the defendant, but this rule is subordinate to the rule that judicial interpretation must be reasonable and sensible to carry out the legislative intent and design. 266 Kan. at 43.

Subsections (2) and (3) were added to K.S.A. 21-3505(a) in 1992. See L. 1992, ch. 298, sec. 23. The fact that the legislature enacted both means that it saw some ·distinction between them. If both

subsections prohibited exactly the same conduct, or one prohibited conduct that constituted nothing more than a subset of the conduct prohibited by the other, then one of the subsections would have been unnecessary. " '[S]tatutes are construed to avoid unreasonable results. . . . There is a presumption that the legislature does not intend to enact useless or meaningless legislation.' " *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643, 941 P.2d 1231 (1997) (quoting *Todd v. Kelly*, 251 Kan. 512, 515-16, 837 P.2d 381 [1992]).

It is apparent to us from the plain language of 21-3505(a)(2) and (a)(3) and 21-3506(a)(1) and (a)(2) that the legislature wanted to prohibit and punish sodomy involving a child 15 or younger in all cases with only one exception, although the severity of the punishment for the accused would vary depending on the age of the child. The one exception, under either 21-3505(b) or 21-3506(b), would apply when the child was married to the accused at the time of the act. Further, even that exception would disappear if the married child did not consent under any of the circumstances listed in 21-3506(a)(3)(A) through (C). In such a situation, aggravated criminal sodomy could be charged.

In this context, we believe consent also is key to distinguishing between K.S.A. 21-3505(a)(2) and K.S.A. 21-3506(a)(1) on the one hand and K.S.A. 21-3505(a)(3) and K.S.A. 21-3506(a)(2) on the other. The companion subsections of each statute can be differentiated and harmonized if the "sodomy with" language of 21-3505(a)(2) and 21-3506(a)(1) is limited to a defendant's sodomy with a child of the designated age *when the child has expressed or exhibited a willingness* to engage in the act, and the "causing" language of 21-3505(a)(3) and 21-3506(a)(2) is limited to a defendant's sodomy with such a child *when the child did not express or exhibit a willingness* to engage in the sexual activity, and yet none of the conditions set forth in 21-3506(a)(3)(A) through (C) apply. In addition, 21-3505(a)(3) and 21-3506(a)(2) cover a defendant who causes an unwilling child of the designated age to engage in sodomy with a person other than the defendant or with an animal, and yet none of the conditions set forth in 21-3506(a)(3)(A) through (C) apply.

This interpretation recognizes and effectuates the legislature's clear goal of maximizing protection for the youngest and most vulnerable victims of sodomy, either because they have engaged in it against their will or because the legislature deems them too young to give a valid consent outside of marriage, while being careful not to criminalize mutually consensual sodomy between married partners of opposite genders, regardless of their ages. Although some of us might quarrel with certain of the legislature's policy choices underlying this statutory scheme, the policy choices are the legislature's to make.

This interpretation also leads us to conclude that Dickson was properly charged under 21-3505(a)(3) and that there was sufficient evidence to convict him. He admits that he engaged in sodomy with M.D., and a reasonable factfinder could have concluded that M.D. was an unwilling participant. She testified about the earlier rape and its attendant battery. On this occasion, she tried unsuccessfully to get away from Dickson before he placed her on his lap under the blanket. Yet the evidence does not rise to the level of violence or menace usually seen in an aggravated criminal sodomy case in which the victim is overcome by force or fear, or prove one of the other factors listed in 21-3506(a)(3)(B) or (C). Rather, under these circumstances, a reasonable jury could conclude beyond a reasonable doubt that Dickson caused M.D. to engage in anal intercourse with him when M.D. had not expressed or exhibited a willingness to do so, in violation of K.S.A. 21-3505(a)(3).

Dickson next takes issue with the district court's failure to give the jury a multiple acts unanimity instruction. He argues that he was entitled to such an instruction because the State presented evidence of multiple rapes of K.D. and multiple acts of her oral contact with his genitalia.

"In multiple acts cases, several acts are alleged and any one of the acts could constitute the crime charged. When the prosecution presents evidence of several acts that could form the basis of one count charged, either the State must inform the jury which act to rely on in its deliberations or the court must instruct the jury to agree on a specific criminal act." *State v. Dean*, 272 Kan. 429, Syl. ¶ 5, 33 P.3d 225 (2001).

This argument is without merit. Both in opening statement and again in closing argument, the prosecutor informed Dickson's jury

exactly which single incident the State was relying upon to convict on each of the rape counts and on the criminal sodomy count having to do with K.D. There was no multiple acts error because the State made the required election or its functional equivalent. See *State v. Fulton*, 28 Kan. App. 2d 815, 822, 23 P.3d 167, *rev. denied* 271 Kan. 1039 (2001).

Dickson's last issue involves his sentence for the rape of K.D. on November 20, 1995, which was charged in Count IV. The question of whether a criminal sentence is illegal is a question of law. Our review is unlimited. *Sisk*, 266 Kan. at 43.

An illegal sentence is defined as " ' "either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served." ' [Citations omitted.]" 266 Kan. at 43.

The State charged this rape as a severity level 1 person felony. At the time of the crime, rape was a severity level 2 person felony. K.S.A. 21-3502(c). Dickson's criminal history was H. His sentencing range should therefore have been 77-82-86 months, K.S.A. 21-4704(a), but the district court improperly employed a range of 184-194-206 months. This sentence was illegal, as the State concedes. We must therefore vacate this sentence and remand the case for resentencing on this count.

Convictions affirmed, sentence for rape of K.D. on November 20, 1995, vacated, and case remanded for resentencing on that count only.