(324 P.3d 1132)
Nos. 110,662
110,663

DUSTIN J. MERRYFIELD, *Appellant*, v. SHAWN SULLIVAN, Secretary of Kansas Department for Aging and Disability Services, *et al.*, *Appellees.*

RICHARD A. QUILLEN, *Appellant*, v. SHAWN SULLIVAN, Secretary of Kansas Department for Aging and Disability Services, *et al.*, *Appellees.*

Opinion filed May 9, 2014.

*Dustin J. Merryfield* and *Richard A. Quillen*, appellants pro se.

*Corrine E. Johnson*, of Kansas Department for Aging and Disability Services, of Topeka, for appellees.

Before MALONE, C.J., HILL and ARNOLD-BURGER, JJ:

HILL, J.: In this combined appeal, Dustin J. Merryfield and Richard A. Quillen, both involuntary participants in the Kansas Sexual Predator Treatment Program, filed petitions for writs of habeas corpus under K.S.A. 2013 Supp. 60-1501. In their petitions, the two argued that a policy called RIGHT-106 violated their constitutional rights. The district court summarily dismissed both petitions. The court also assessed court costs against both. Because this policy has never been applied to Merryfield or Quillen, we hold that they have no standing to contest the constitutionality of this

policy. With respect to the assessment of costs, we hold the court applied an incorrect statute concerning court costs and we vacate the court's ruling on that and remand for reconsideration.

In this case Merryfield and Quillen challenge the constitutionality of RIGHT-106. That policy establishes the procedures for reducing privilege levels, imposing general restrictions, imposing restrictions on purchases, and assigning restriction level status for sexual predator treatment program residents. Both Merryfield and Quillen assert that the procedures under RIGHT-106 are unconstitutional. Neither contend that RIGHT-106 has been applied to them.

A litigant lacks standing to challenge the constitutionality of legislation that is not being applied to that person. See *State v. Baker*, 281 Kan. 997, 1022, 135 P.3d 1098 (2006). Simply put, because Merryfield and Quillen challenge a policy that was not applied to them, they lack standing to challenge its constitutionality. We do not render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). In our view, the district court correctly held that Merryfield and Quillen lack standing to challenge RIGHT-106. It properly dismissed their petitions on this point.

We need not reach the issue concerning exhaustion of administrative remedies because no procedure has been initiated against them.

We do think that the district court erred when it assessed court costs against both Merryfield and Quillen. K.S.A. 2013 Supp. 59-29a23 says that costs associated with this type of action must be assessed against the responsible county:

"(a) Whenever a person civilly committed pursuant to K.S.A. 59-29a01 et seq., and amendments thereto, files a petition pursuant to K.S.A. 60-1501 et seq., and amendments thereto, relating to such commitment, the costs incurred, including, but not limited to, costs of appointed counsel fees and expenses, witness fees and expenses, expert fees and expenses, and other expenses related to the prosecution and defense of such petition shall be taxed to the county responsible for the costs. Any district court receiving a statement of costs from another district court shall forthwith approve the same for payment out of the general fund of its county except that it may refuse to approve the same for payment only on the ground that it is not the county responsible for the costs."

Subsection (b) of that same statute provides:

"The county responsible for the costs incurred pursuant to subsection (a) shall be reimbursed for such costs by the office of the attorney general from the sexually violent predator expense fund. The attorney general shall develop and implement a procedure to provide such reimbursements."

Subsection (c) provides:

"As used in this section, 'county responsible for the costs' means the county where the person was determined to be a sexually violent predator pursuant to. K.S.A. 59-29a01 et seq., and amendments thereto."

Here, the district court erroneously relied on K.S.A. 2013 Supp. 60-1505 to assess costs. That is a general statute dealing with the costs that arise in ordinary habeas corpus cases. Because K.S.A. 2013 Supp. 59-29a23 is a more specific statute, it controls over K.S.A. 2013 Supp. 60-1505. A specific statute controls over a general statute. Likewise, a specific provision within a statute controls over a more general provision within the statute. *State v. Turner*, 293 Kan. 1085, 1088, 272 P.3d 19 (2012).

We therefore affirm the dismissal of Merryfield's and Quillen's petitions for habeas corpus relief. We vacate the district court's order concerning costs and remand that issue to the district court with directions to assess the costs to the county responsible for the costs as set out in K.S.A. 2013 Supp. 59-29a23(c).

Affirmed in part, vacated in part, and remanded with directions consistent with this opinion.