IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 110,662
110,663

DUSTIN J. MERRYFIELD,
*Appellant,*

v.

SHAWN SULLIVAN, Secretary of Kansas Department
for Aging and Disability Services, *et al.*,
*Appellees.*

RICHARD A. QUILLEN,
*Appellant,*

v.

SHAWN SULLIVAN, Secretary of Kansas Department
for Aging and Disability Services, *et al.*,
*Appellees.*

SYLLABUS BY THE COURT

1.

It is a general rule of statutory interpretation that, when both a general statute and a specific statute govern the same topic, the specific statute controls.

2.

The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. The language of a statute is the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use.

3.

K.S.A. 2014 Supp. 59-29a23 requires that, when a person who has been civilly committed as a sexually violent predator files a petition for relief under K.S.A. 60-1501 *et seq.*, the costs incurred by the filing of the action are to be assessed to the county responsible for the costs.

Review of the judgment of the Court of Appeals in 50 Kan. App. 2d 313, 324 P.3d 1132 (2014). Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed February 27, 2015. Judgment of the Court of Appeals affirming the district court in part, vacating in part, and remanding with directions is affirmed. Judgment of the district court is affirmed in part, vacated in part, and remanded with directions.

*Dustin J. Merryfield* and *Richard A. Quillen*, appellants, were on the brief pro se.

*Ryan W. Thornton* and *Kimberly M. J. Lynch*, of Kansas Department for Aging and Disability Services, of Topeka, were on the briefs for appellees.

The opinion of the court was delivered by

ROSEN, J.: Dustin J. Merryfield and Richard A. Quillen are residents of the Larned State Hospital and are involuntary participants in the Kansas Sexual Predator Treatment Program there. They filed petitions challenging the Program's implementation of a new administrative grievance procedure and sought habeas corpus relief under K.S.A. 60-1501 *et seq*.

Without conducting a hearing, the district court summarily denied the petitions. The court held that the petitioners lacked standing to challenge the grievance procedure, that they had failed to assert a constitutionally protected due process right, and that the

procedure did not constitute shocking or intolerable conduct. The district court then assessed the costs of filing the action, $178, against each petitioner. The petitioners filed timely motions for reconsideration of the assessment of costs. The district court denied the motions, holding that the statutory assessment of costs is discretionary.

Having consolidated the appeals from the judgments, the Court of Appeals affirmed the dismissal of the petitions but reversed the assignment of costs to the petitioners in *Merryfield v. Sullivan*, 50 Kan. App. 2d 313, 324 P.3d 1132 (2014). Secretary Sullivan filed a petition for review, and Merryfield and Quillen filed a cross-petition for review. This court granted the Secretary's petition and denied the cross-petition. As a consequence, the only issue before this court is whether the Kansas statutory scheme provides district courts with the discretion to assess costs against the petitioners or do the statutes require courts to impose filing costs on the counties in which the petitioners were determined to be sexually violent predators.

The interpretation and construction of statutes is a matter of law that is subject to unlimited review on appeal. *Stanley v. Sullivan*, 300 Kan. 1015, ___, 336 P.3d 870, 872 (2014).

It is a general rule of statutory interpretation that, when both a general statute and a specific statute govern the same topic, the specific statute controls. See, *e.g.*, *State v. Williams*, 299 Kan. 911, 930, 329 P.3d 400 (2014). Whether and how this court applies that rule is a question of law. 299 Kan. at 930.

The parties agree that the assessment of costs in a K.S.A. 60-1501 proceeding is governed by statute. They disagree on which statute governs in the present case. Each party contends that the more specific statute supports his respective position.

3

The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). This court deems the language of a statute to be the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use. 299 Kan. at 906. The courts therefore look to the plain and unambiguous language of a statute as the primary basis for determining legislative intent. *State v. O'Connor*, 299 Kan. 819, 822, 326 P.3d 1064 (2014).

The plain language selected by the legislature, when it does not conflict with constitutional mandates, trumps both judicial decisions and the policies advocated by parties. See, *e.g.*, *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, 524-26, 154 P.3d 494 (2007); *Perry v. Board of Franklin County Comm'rs*, 281 Kan. 801, 808-09, 132 P.3d 1279 (2006); *Schmidtlien Electric, Inc. v. Greathouse*, 278 Kan. 810, 822, 104 P.3d 378 (2005); *Mary E. Lane, Admr. v. The National Bank of the Metropolis*, 6 Kan. 74, 80-81 (1870).

In assessing filing costs against the petitioners, the district court relied on K.S.A. 2014 Supp. 60-1505(d), which governs summary K.S.A. 60-1501 proceedings. In denying the petitioners' motions for reconsideration, the district court wrote: "[I]mposition of Court costs is permitted pursuant to K.S.A. 60-1505(d)." The statute reads in relevant part: "If the court determines that the restraint is not wrongful, the writ shall be dissolved at the cost of the plaintiff." K.S.A. 2014 Supp. 60-1505(d).

Also in play is K.S.A. 2014 Supp. 60-1503(a), which governs facially meritless petitions for habeas corpus, which provides in relevant part: "If it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to

relief in the district court, the petition shall be dissolved *at the cost of the plaintiff*." (Emphasis added.)

The Court of Appeals, however, relied on K.S.A. 2014 Supp. 59-29a23, which specifically governs habeas corpus petitions for civilly committed sexually violent predators. That statute states in relevant part:

"(a) *Whenever a person civilly committed* pursuant to K.S.A. 59-29a01 *et seq.*, and amendments thereto, *files a petition pursuant to K.S.A. 60-1501 et seq.*, and amendments thereto, *relating to such commitment, the costs* incurred, including, but not limited to, costs of appointed counsel fees and expenses, witness fees and expenses, expert fees and expenses, and other expenses related to the prosecution and defense of such petition *shall be taxed to the county responsible for the costs*. . . .

"(b) The county responsible for the costs incurred pursuant to subsection (a) shall be reimbursed for such costs by the office of the attorney general from the sexually violent predator expense fund. . . .

"(c) As used in this section, '*county responsible for the costs*' *means the county where the person was determined to be a sexually violent predator* pursuant to K.S.A. 59-29a01 et seq., and amendments thereto." (Emphasis added.)

There is obviously overlap and conflict within the plain language of the various statutory provisions.

K.S.A. 2014 Supp. 60-1505(d) is generic in its application. The legislature confined application of section (a) to inmates only, but the legislature omitted that limitation in section (d), implying that (d) applies to *all* petitioners. K.S.A. 2014 Supp. 59-29a23(a), however, is narrowly applicable only to petitioners who are civilly committed sexual predators. The narrow scope of 59-29a23 renders it the more specific

5

statute and therefore the statute that governs the present situation. See *Vontress v. State*, 299 Kan. 607, 613, 325 P.3d 1114 (2014) ("Where there is a conflict between a statute dealing generally with a subject, and another dealing specifically with a certain phase of it, the specific legislation controls in a proper case. [Citations omitted.]")

The rule that a general statute should yield to a specific statute is "'merely a rule of interpretation which is used to determine which statute the legislature intended to be applied in a particular case.'" *Williams*, 299 Kan. at 930 (quoting *State v. Helms*, 242 Kan. 511, 514, 748 P.2d 425 [1988]). In other words, the specific-statute rule seeks to resolve a conflict that occurs when the plain language of one statutory provision contradicts the plain language of another statutory provision. The courts presume that the legislature intended the more narrowly crafted statute to control as a kind of exception to the more general statute.

The Secretary argues that K.S.A. 2014 Supp. 59-29a23 is *not* the more specific statute because it was intended to address only *meritorious* habeas corpus petitions brought by civilly committed predators. In reaching this conclusion, the Secretary directs this court to testimony introduced at hearings on the statute in which witnesses provided written testimony regarding the burden that imposition of costs on one county or another would create.

The Secretary offers three documents that he asserts support his resort to legislative history. First, the Secretary submits Att'y Gen. Op. No. 2011-3, in which the Attorney General opined that individual counties should bear the costs of attorney fees for indigent sexually violent predators who file petitions under K.S.A. 60-1501 *et seq*. It should be noted, however, that the Attorney General opinion does not distinguish between meritorious and non-meritorious claims. The Secretary next offers the testimony of John M. Settle, the Pawnee County Attorney, who wrote in support of Senate Bill 217

6

in March 2011. Settle was concerned that the consequence of the Attorney General opinion would be crippling costs to individual counties. He too did not distinguish between the costs of meritorious and non-meritorious petitions. The Secretary finally submits the testimony of Randall Allen, Executive Director of the Kansas Association of Counties, who wrote in opposition to the draft of Senate Bill 217 because he feared the consequences of assigning costs to individual counties instead of to the taxpayers of the state as a whole. Like the authors of the other documents, he made no mention of meritorious and nonmeritorious claims.

Two problems inhere in the Secretary's argument. First, the argument demands that this court ignore the plain language of the statutes and instead seek to divine the intentions of the legislature from the testimony of witnesses at legislative hearings. Second, the documents submitted do not really support the Secretary's position. The Attorney General opinion stated that petitioners' costs should be assigned to the taxpayers; it did not suggest that some costs should be assigned to petitioners. The subsequent testimonial letters did not argue otherwise. The Secretary's argument is, in essence, that a legislative history showing that petitioners' costs should be borne by the counties really means that petitioners' costs should be borne by the petitioners. The legislative history asserted by the Secretary is at best ambiguous, while the plain language of the statutes is not ambiguous.

The Court of Appeals was correct in holding that K.S.A. 2014 Supp. 59-29a23 is the more specific statute and that its plain language provides for the assessment of costs to the county. The legislative history does nothing to cast doubt on that conclusion.

The opinion of the Court of Appeals is affirmed. The judgment of the district court is affirmed in part, vacated in part, and remanded with directions to assess the costs to the county responsible for the costs as required by K.S.A. 2014 Supp. 59-29a23(c).

7