NOT DESIGNATED FOR PUBLICATION

No. 117,397

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLARA R. FULLER,
*Appellant*,

v.

ALL STAR TOWING & RECOVERY, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed December 15, 2017. Affirmed.

*Clara R. Fuller*, appellant pro se.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., LEBEN and POWELL, JJ.

PER CURIAM: Clara R. Fuller appeals a district court decision affirming the towing and sale of her vehicle. She alleges that the towing and impoundment of her vehicle was unlawful, that the tow company illegally sold her vehicle, and that the small claims and district court judges abused their discretion by refusing to compensate her for the allegedly illegal tow and sale. But the burden is on the party making a claim to designate facts in the record to support that claim. Without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Unfortunately, the record is devoid of the facts relevant to deciding these issues. Additionally, the issue of whether the tow was lawful was already decided adversely to Fuller by a panel of this court in *Unified Gov't of WYCO/KCK v. Fuller*, No.

1

109,969, 2014 WL 2403345 (Kan. App. 2014) (unpublished opinion). Accordingly, the district court's decision is affirmed.

FACTUAL AND PROCEDURAL HISTORY

The record in this case consists of only one volume, and does not include trial transcripts or many of the facts discussed in Fuller's appellate brief. However, Fuller has previously appealed to this court in a case with the same facts. In that case, the Court of Appeals set forth the facts relevant to this opinion.

In January 2013, Fuller's sister reported to the police that Fuller's car was stolen. Police officer Joseph Anderson found the vehicle the next day in a business parking lot. Officer Anderson asked the dispatcher to call the car's owner. The dispatcher was unable to contact the owner. So, Officer Anderson called All Star Towing and Recovery to tow the car. A few days later, All Star sent a notice by certified mail to Fuller, informing her that she had 15 days to retrieve it before it would be sold at auction. Fuller did not retrieve her car because she did not have money to pay the towing and storage charges.

Fuller challenged the legality of the tow in municipal court in Kansas City, Kansas. The municipal judge found that the vehicle was lawfully towed and that Fuller owed $640 to All Star. Fuller appealed, and while her appeal was pending All Star sold her vehicle. The Wyandotte County District Court and Court of Appeals each affirmed the municipal court. 2014 WL 2403345, at *2-3. One of the issues Fuller raised at the Court of Appeals was whether it was lawful for All Star to sell her car. The Court of Appeals refused to consider the claim because All Star was not a party to the action. Additionally, Fuller did not present the issue to the municipal court. The Court of Appeals held that "[a]ny claim that Fuller might have against All Star must be made in a separate action where All Star is a party and cannot be made or considered in this appeal." 2014 WL 2403345, at *3.

2

In response to the Court of Appeals' decision, Fuller filed a petition for damages against All Star in Wyandotte County Small Claims Court. Her petition alleged that All Star sold her car while her appeal of the car's towing was still pending in court. Fuller sought $4,000. All Star responded with a counterclaim. It alleged that, despite demand, Fuller failed to pay All Star $1,960 in towing and storage charges since All Star had towed her vehicle on January 26, 2013. The district court granted judgment for All Star and ordered Fuller to pay $1,960. The judgment was stayed until the Kansas Supreme Court could rule on the appeal of the original towing of the car.

Fuller filed a motion for a new trial. Her motion alleged that in addition to illegally selling her car, All Star refused to let Fuller access her vehicle to obtain personal items until she paid the towing and storage charges. These personal items included "over $700.00 worth of inhalation medications and a $600.00 Bible with a $50.00 bill in it." Her sister also had personal items in the car. The district court denied this motion for lack of prosecution.

Fuller appealed.

ANALYSIS

*This court has already determined that the towing and impoundment of Fuller's vehicle was lawful.*

Fuller's first argument on appeal is that the towing and impoundment of her vehicle was unlawful. However, the Court of Appeals has already held that Fuller's vehicle was lawfully towed in *Unified Gov't of WYCO/KCK*, 2014 WL 2403345, at *3. That decision is final, and we will not revisit it here.

*Due to an incomplete record, we are unable to determine whether the sale of Fuller's vehicle while the appeal was pending was in violation of Kansas law.*

Fuller's next argument is that All Star illegally sold her car while her appeal of the vehicle's towing was still pending. She argues that this violates several provisions of Kansas law. Fuller also raised this issue in her previous appeal to this court. However, this court could not consider the issue because All Star was not a party to the action. *Unified Gov't of WYCO/KCK*, 2014 WL 2403345, at *3.

Interpretation of Kansas statutes is a matter of law subject to unlimited review. *Merryfield v. Sullivan*, 301 Kan. 397, 398, 343 P.3d 515 (2015).

Unfortunately, the record is devoid of the facts relevant to deciding this issue. Fuller makes the following factual allegations without support from the record: (1) All Star was aware that Fuller appealed the order finding that the State lawfully towed her vehicle; (2) All Star did not provide her with notice of the sale of her vehicle; and (3) All Star prevented her from accessing personal property in the vehicle, including $700 worth of Flonase. These facts, if true, would establish a violation of K.S.A. 2016 Supp. 8-1103 and K.S.A. 2016 Supp. 8-1104. K.S.A. 2016 Supp. 8-1103 requires tow companies to provide notice to vehicle owners before the tow company can get a lien on the towed vehicle for the value of services rendered. K.S.A. 2016 Supp. 8-1103 also states that a tow company does not need to return a vehicle owner's personal property until the owner pays the towing and storage charges. However, it has an exception for medical supplies, "which shall be released to the owner thereof upon request." K.S.A. 2016 Supp. 8-1103(a). K.S.A. 2016 Supp. 8-1104 requires tow companies to give notice to the registered owner of a vehicle and provide notice of the sale in a local newspaper before selling a towed vehicle.

However, while Fuller alleges facts that may establish a legal violation, these facts are not in the record. Further, the record is incomplete as to All Star's responses to Fuller's claims. The record shows that the district court held a bench trial on July 20, 2015. Notes from the trial indicate that Jared Innis, a representative of All Star, provided testimony. The district court denied Fuller's petition "for reasons stated on the record." However, because a record of the bench trial is not part of the record on appeal this court cannot analyze the evidence presented or the district court's reasons for its ruling.

The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman*, 296 Kan. at 644-45. Although this court recognizes that Fuller is a low-income, pro se litigant, she must be held to the same standard of production as an attorney. This court has previously explained:

> "A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable." *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595, 730 P.2d 1109 (1986).

Accordingly, absent evidence to the contrary, this court presumes that the district court found all facts necessary to support its judgment. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009).

*Due to the lack of a complete record on appeal, we are unable to determine whether the district court abused its discretion in denying Fuller's claim.*

Fuller's final argument is that Judges Aaron Roberts and William Mahoney abused their discretion in ruling against her. Fuller lists several comments that Judge Roberts allegedly made at her small claims trial. She argues that Judge Roberts "acted as if he was

representing All Star in the Small Claims trial." Fuller's complaints regarding Judge Mahoney are more appropriately characterized as complaints regarding ineffective assistance of counsel. As with the previous two issues, Fuller fails to provide transcripts of the hearings in which these abuses of discretion allegedly occurred. This court cannot determine whether the judges abused their discretion without the relevant facts. Once again, the burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman*, 296 Kan. at 644-45.

Fuller does raise a concerning issue regarding why the district court awarded All Star $1,960 in towing and storage charges when, presumably, those charges were satisfied by the sale of her vehicle. If All Star's sale of Fuller's vehicle satisfied the towing and storage charges, then there would be no legal basis upon which to award it more money for the towing and storage charges. K.S.A. 2016 Supp. 8-1103(a) provides that a tow company's lien on a towed vehicle is limited to "the full amount and value of the service rendered." This value includes the cost of providing notice and selling the vehicle. K.S.A. 2016 Supp. 8-1103(a).

Unfortunately, again the record is devoid of the evidence necessary to determine this issue. The court would need to know the value of the towing and storage fees and the price at which All Star was able to sell Fuller's vehicle. If All Star incurred $2,500 in costs but her car only sold for $540, then All Star would be entitled to $1,960. Alternatively, if All Star only incurred $1,960 in costs and her car sold for $2,000, then All Star would owe Fuller $40. Because we have not been provided with these facts, we cannot find that the small claims and district court judges abused their discretion.

Affirmed.

6

* * *

LEBEN, J., concurring: Someone stole Clara Fuller's car. That made her a crime victim. But if she is to be believed, she has since become an even greater victim of our legal system.

According to Fuller, police didn't contact her before having her car towed. Then when the towing company sent her a letter telling her it had her car, the company also told her she'd have to pay that company $640 for towing and storage charges to get her stolen car back. Fuller says that her limited income (a monthly Social Security check of $976) left her unable to pay. So the tow company sold her car to pay its fee.

The $640 towing fee was upheld in an earlier case. In that case, a key question was whether police had tried to contact her when her car was found in a business parking lot. The district court concluded that someone with the police department had tried to contact her, and the self-represented Fuller was unable to overcome that finding.

In this case, Fuller attempts to challenge the sale of her car. But on appeal, although Fuller requested that a key transcript be included in the record available to us, she ultimately didn't (or, more likely, wasn't able to) pay the $240 cost for preparing that transcript. So she has lost this appeal in part because she didn't present a transcript to us that—having already lost her car and apparently having only a Social Security income— would have been difficult for her to afford.

Our role in Clara Fuller's case is a limited one. We can't find any error by the district court in the record available to us, so we have affirmed its judgment.

But this case serves as a reminder that it's important to make sure that our legal system is available to everyone. People with limited incomes have important disputes too.

7

I have no magic solution. But the questions at issue deserve further attention. They could be appropriately considered by committees of the Kansas Legislature and the Kansas Judicial Council.

While we have a statute allowing a case to be filed when a poor person can't afford the filing fee, K.S.A. 2016 Supp. 60-2001(b)(1), there is no statutory mechanism allowing a poor person to have transcript fees waived in order to obtain a court transcript that's necessary for an appeal. In addition, almost everyone needs the help of a lawyer to navigate the legal system, meaning that the funding to Kansas Legal Services and other methods for connecting lawyers to low-income clients need to be priorities if fair legal proceedings for all is a goal.

Of course, that's not the only goal. We must also keep in mind that our justice system generally requires that parties pay their own legal expenses, so helping the poor to more fully pursue their claims may have costs to other private—and governmental—parties. But doing nothing leaves the Clara Fullers of the world in a position from which, having already been victimized by a crime, the legal system might well victimize them a second time. That potential merits further study, and Clara Fuller's case might be a good place to start.