IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,196

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER J. SCHRADER,
*Appellant.*

SYLLABUS BY THE COURT

A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of "vehicle" is defined more broadly than the "vehicle" element in the state DUI statute, cannot be categorized as a person felony under K.S.A. 2014 Supp. 21-6811(c)(2).

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 10, 2017. Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed August 10, 2018. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is vacated, and the case is remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

BEIER, J.: Christopher J. Schrader appeals his sentence after pleading no contest to involuntary manslaughter while driving under the influence (DUI). Schrader's criminal history score was based in part on categorizing a July 2012 conviction in Wichita Municipal Court as a person felony under K.S.A. 2014 Supp. 21-6811(c)(2). Schrader argues his Wichita DUI should not have been included in his criminal history score because the Wichita DUI ordinance prohibits a broader range of conduct than the state DUI statute.

Schrader's argument is similar to the arguments we address in *State v. Gensler*, 308 Kan. ___, ___ P.3d ___ (No. 112,523, this day decided), *State v. Mears*, 308 Kan. ___, ___ P.3d ___ (No. 115,278, this day decided), and *State v. Fisher*, 308 Kan. ___, ___ P.3d ___ (No. 115,277, this day decided). Although he relies on language from a different statute, it is so similar to that examined in the three other cases that we are driven to the same conclusion: A conviction under the Wichita DUI ordinance does not count as a prior DUI, scored here as a person felony, because it prohibits a broader range of conduct than state law. Schrader's sentence must be vacated and this case remanded for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2015, the State charged Schrader with five counts, including involuntary manslaughter while driving under the influence under K.S.A. 2014 Supp. 21-5405(a)(3). After entering into a plea agreement, Schrader pleaded no contest to the involuntary manslaughter charge, as well as to conspiracy to distribute a controlled substance.

Schrader's presentence investigation report assigned him a criminal history score of "D" for the involuntary manslaughter. As stated, his July 2012 Wichita DUI counted as a person felony under K.S.A. 2014 Supp. 21-6811(c)(2).

The Wichita ordinance governing at the time of Schrader's prior DUI read in pertinent part:

"(a) No person shall operate or attempt to operate any vehicle within the city while:

(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;

(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, 'any competent evidence' includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." Wichita Municipal Ordinance (W.M.O.) 11.38.150.

Schrader objected to the inclusion of the Wichita DUI conviction in his criminal history score. At sentencing, his counsel argued:

> "So, given the way [the statute] is written, this is not a situation where the Court is just going back and identifying a prior conviction or identifying elements or anything of that nature. What the Court would actually have to do is make a finding of fact that a certain act happened, and given the specific circumstances of this case and how Mr. Schrader's prior case with the City of Wichita happened, that act has never been found by a jury and has never been admitted by him, so we think that any such finding by the Court would violate the Sixth Amendment, and that is what our position is."

The district court dismissed the argument.

> "Well, the case law that you cited, *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),] and the other cases, deal with enhancement of a sentence with a finding of a fact other than a prior conviction. And the way the statute is written, the act is driving under the influence, so I don't have to find a fact as much as he has the prior conviction for that offense on his record, and the statute is clear if there is a prior conviction for driving under the influence, then it's to be counted as a person felony.
>
> "It's the prior conviction that creates the change in his criminal history, which admittedly then on the grid creates an enhanced sentence, but it's not typically a finding made by the Court that has been found to be in violation of any constitutional rights and requires the jury trial under *Apprendi* and the other cases that have been stated since then."

To establish the Wichita DUI conviction, the State offered the journal entry of judgment and the underlying charging document. The judge overruled Schrader's objection and relied on the Wichita DUI.

4

"Number 1, he has a conviction of driving under the influence and I don't think the Court's inquiry has to go any further than that, but if you want to argue that the City ordinance is more broad or could be applied to something like a boat or a bicycle, the charging document alleges the operation of a motor vehicle.

"The Court doesn't have to make any specific factual finding. That is part of the Court record and that is part of what the municipal judge had before him when he accepted this plea or found him guilty on his plea of no contest. . . .

. . . .

". . . I will find that under these circumstances and the statutory interpretation, the driving under the influence in entry number 5 will constitute a person felony and you will be scored as a criminal history D for sentencing purposes in this case."

Schrader was sentenced to 69 months' imprisonment for involuntary manslaughter.

On appeal to the Court of Appeals, the panel agreed with Schrader that the breadth of prohibited acts under the Wichita ordinance precluded his conviction under the ordinance from being counted as a person felony under K.S.A. 2014 Supp. 21-6811(c)(2). The panel vacated Schrader's sentence and remanded for resentencing. See *State v. Schrader*, No. 115,196, 2017 WL 947631, at *4 (Kan. App. 2017) (unpublished opinion).

This court granted the State's petition for review.

DISCUSSION

To determine whether Schrader's prior Wichita DUI should count as a person felony requires the interpretation of K.S.A. 2014 Supp. 21-6811(c)(2). Issues of statutory

interpretation raise questions of law over which appellate courts exercise unlimited review. *State v. Castleberry*, 301 Kan. 170, 175, 339 P.3d 795 (2014).

> "Legislative intent governs that review, and '[r]eliance on the plain and unambiguous language of a statute is "the best and only safe rule for determining the intent of the creators of a written law."' *State v. Spencer Gifts,* 304 Kan. 755, 761, 374 P.3d 680 (2016) (quoting *Merryfield v. Sullivan*, 301 Kan. 397, 399, 343 P.3d 515 [2015]). Therefore, we read the statutory language as it appears, without adding or deleting words, and only '[i]f the language is less than clear or is ambiguous, [do] we move to statutory construction.' *Ambrosier v. Brownback*, 304 Kan. 907, 911, 375 P.3d 1007 (2016). If a statute is not ambiguous, we do not examine 'legislative history, background considerations that speak to legislative purpose, or canons of statutory construction.' *In re Marriage of Brown*, 295 Kan. at 969." *State v. Gray*, 306 Kan. 1287, 1294, 403 P.3d 1220 (2017).

K.S.A. 2014 Supp. 21-6811(c)(2) is a sentencing provision that increases a sentence for involuntary manslaughter in the commission of driving under the influence if the defendant has a prior DUI conviction. Cf. K.S.A. 2017 Supp. 8-1567(i)(1); *Gensler*, 308 Kan. at __, slip op. at 7-8. Despite a "thick overlay of constitutional law," the classification of a prior DUI under K.S.A. 2014 Supp. 21-6811(c)(2) is exclusively a matter of state statutory law. See *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*); see also *Gensler*, 308 Kan. at __, slip op. at 7. The statute provides in pertinent part:

> "(2) If the current crime of conviction . . . is for a violation of subsection (a)(3) of K.S.A. 2014 Supp. 21-5405, . . . each prior adult conviction . . . for . . . (B) a violation of . . . an ordinance of any city . . . , which prohibits the act described in K.S.A. 8-1567, . . . shall count as one person felony for criminal history purposes." K.S.A. 2014 Supp. 21-6811(c).

6

With the exception of the use of the singular "act" instead of the plural "acts," the operative language in this statute is identical to the language in K.S.A. 2017 Supp. 8-1567(i)(1). That statute governs how to determine whether a state DUI is a "first, second, third, fourth or subsequent conviction" for sentencing and requires analysis of whether there has been a previous "violation of an ordinance of any city . . . which prohibits the acts that this section prohibits."

We have interpreted the language of K.S.A. 2017 Supp. 8-1567(i)(1) to limit prior municipal DUI convictions usable as sentencing enhancements to those arising under ordinances that are the same as, or narrower than, the state DUI statute. See *Gensler*, 308 Kan. at __, slip op. at 13. Moreover, we have interpreted the language to require a comparison of the elements of K.S.A. 2017 Supp. 8-1567 to the elements of the ordinance. To conduct the comparison of elements, we have approved of the categorical approach and modified categorical approach. *Gensler*, 308 Kan. at __, slip op. at 10-11; see also *State v. Dickey*, 301 Kan. 1018, 1039, 350 P.3d 1054 (2015) (*Dickey I*).

The singular/plural difference between the text of K.S.A. 2014 Supp. 21-6811(c)(2) and K.S.A. 2017 Supp. 8-1567(i)(1) does not require a different result. See *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, Syl. ¶ 4, 390 P.3d 504 (2017) ("Statutes dealing with the same subject—those that are in pari materia—should be interpreted harmoniously when possible."). To constitute a prior municipal DUI conviction subject to categorization as a person felony for purposes of K.S.A. 2014 Supp. 21-6811(c)(2), the conviction must have been based on an ordinance that was the same as, or narrower than, K.S.A. 2017 Supp. 8-1567.

To establish whether a prior conviction counts as a DUI conviction under K.S.A. 2014 Supp. 21-6811(c)(2), a sentencing court should compare the elements of the ordinance or statute of conviction to the elements of K.S.A. 2017 Supp. 8-1567. See

7

*Gensler*, 308 Kan. at \_\_, slip op. at 10. If an ordinance or statute is "divisible," i.e., an ordinance that sets out one or more elements of the offense in the alternative, a court may employ a modified categorical approach permitting review of certain documents for the limited purpose of determining which alternative of the DUI ordinance formed the basis for the prior conviction. See *Dickey I*, 301 Kan. at 1038-39 (approving use of categorical, modified categorical approach described in *Descamps v. United States,* 570 U.S 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 [2013]). But this inquiry is limited to determining which alternative version of the crime formed the basis for the previous conviction so that a comparison of the elements of the crime of conviction and the elements of K.S.A. 2017 Supp. 8-1567 can be conducted.

The version of the Wichita DUI ordinance in effect at the time of Schrader's prior conviction prohibited driving under the influence of alcohol or drugs and generally mirrored the language now found in K.S.A. 2017 Supp. 8-1567(a). Both the state DUI statute and the Wichita DUI ordinance prohibit operating or attempting to operate a "vehicle" while intoxicated by alcohol or drugs. And both employ the same five general criteria for establishing intoxication. Compare K.S.A. 2017 Supp. 8-1567(a)(1)-(5) (subsections [a][1], [2] require alcohol concentration of .08; subsections [a][3] through [5] require driver to be incapable of safely driving vehicle due to alcohol, drugs, combination) with W.M.O. 11.38.150 (same).

But, as we discuss in more detail in *Gensler*, the ordinance defines "vehicle" more broadly than its state statute equivalent. Compare W.M.O. 11.04.400 ("vehicle" defined as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks") with K.S.A. 2017 Supp. 8-1485 ("vehicle" defined as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or devices moved by human power or used

8

exclusively upon stationary rails or tracks"). Notably, the Wichita ordinance does not carve exceptions for electric personal assistive mobility devices or devices moved by human power as K.S.A. 2017 Supp. 8-1485 does.

Because the same test applies under both K.S.A. 2017 Supp. 8-1567(i)(1) and K.S.A. 2014 Supp. 21-6811(c)(2), our holding in *Gensler*—that a DUI under the Wichita ordinance cannot be used to enhance a state DUI sentence—is equally applicable in this case. See *Gensler*, 308 Kan. at __, slip op. at 15.

The Wichita DUI ordinance prohibits a broader range of conduct than that prohibited under K.S.A. 2017 Supp. 8-1567. And, as we concluded in *Gensler*, the Wichita ordinance is not divisible. Thus, under the categorical approach, the Wichita ordinance does not "prohibit[] the act described in K.S.A. 8-1567." K.S.A. 2014 Supp. 21-6811(c)(2). Schrader's prior Wichita DUI should not have been included as a person felony in his criminal history score for purposes of sentencing on his conviction of involuntary manslaughter under K.S.A. 2017 Supp. 21-5405(a)(3).

CONCLUSION

We affirm the Court of Appeals decision vacating Schrader's sentence and remanding this case to the district court for resentencing without the Wichita DUI conviction being scored as a person felony.

\* \* \*

STEGALL, J., dissenting:  For the reasons set forth in my dissent in *State v. Gensler*, 308 Kan. __, __ P.3d __ (No. 112,523, this day decided), I dissent.

9