Luckert, J., concurring:
I agree with the majority's decision and its analysis. I write separately simply to explain why I would not depart from State v. Dickson , 275 Kan. 683, 69 P.3d 549 (2003). My reasons depend on the rules of statutory interpretation and, because I find K.S.A. 2017 Supp. 21-5504(b) ambiguous, the rules of statutory construction.
Resolving the question of whether the State presented sufficient evidence of the crime of aggravated sodomy as charged under K.S.A. 2017 Supp. 21-5504(b)(2) depends on what the State had to prove. In turn, the determination of what the State had to prove depends on the elements of the crime defined by the statute, and that requires us to interpret the statute. Legislative intent governs that review, and "[r]eliance on the plain and unambiguous language of a statute is 'the best and only safe rule for determining the intent of the creators of a written law.' " State v. Spencer Gifts , 304 Kan. 755, 761, 374 P.3d 680 (2016) (quoting Merryfield v. Sullivan , 301 Kan. 397, 399, 343 P.3d 515 [ (2015) ] ). We read the statutory language as it appears, without adding or deleting words, and only "[i]f the language is less than clear or is ambiguous, [do] we move to statutory construction." Ambrosier v. Brownback , 304 Kan. 907, 911, 375 P.3d 1007 (2016). In examining the plain language, we read the entire statute, not just an isolated section or subsection. Kansas State Board of Healing Arts v. Foote , 200 Kan. 447, 452, 436 P.2d 828 (1968).
K.S.A. 2017 Supp. 21-5501(b) defines sodomy as "oral contact or oral penetration of the female genitalia or oral contact of the male genitalia; anal penetration, however slight, of a male or female by any body part or object; or oral or anal copulation or sexual intercourse between a person and an animal." K.S.A. 2017 Supp. 21-5504(b) adds additional elements in defining the crime of aggravated criminal sodomy:
"(b) Aggravated criminal sodomy is:
(1) Sodomy with a child who is under 14 years of age;
(2) causing a child under 14 years of age to engage in sodomy with any person or an animal; or
(3) sodomy with a victim who does not consent to the sodomy or causing a victim, without the victim's consent, to engage in sodomy with any person or an animal under any of the following circumstances:
(A) When the victim is overcome by force or fear;
(B) when the victim is unconscious or physically powerless; or
(C) when the victim is incapable of giving consent because of mental deficiency or disease, or when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance, which condition *504 was known by, or was reasonably apparent to, the offender." K.S.A. 2017 Supp. 21-5504.
In my view, the ambiguity arising from these provisions makes application of the statute problematic. I have trouble discerning the difference between (b)(1) and (b)(2). The words "causing a child under 14 years of age to engage in sodomy with any person" may seem clear on its face if read in isolation. (Emphasis added.) K.S.A. 2017 Supp. 21-5504(b)(2). And, as the dissent suggests, by itself, it could be read to apply to acts engaged in with a defendant-that is, with the defendant being "any person."
Reading (b)(2) in that way makes (b)(1) meaningless, however. The two subsections read together differentiate the situations of a defendant (1) committing sodomy with a victim and (2) causing a child to engage in sodomy with any person. Another basic rule of statutory interpretation is that " 'we do not interpret statutes in such a manner as to render portions superfluous or meaningless.' " State v. Fisher , 304 Kan. 242, 268, 373 P.3d 781 (2016) (quoting State v. Van Hoet , 277 Kan. 815, 826-27, 89 P.3d 606 [ (2004) ] ["The court should avoid interpreting a statute in such a way that part of it becomes surplusage."] ). This court's decision in Dickson applied this rule: "We may presume that the House Judiciary Committee would not formulate one subsection that made another redundant and then retain both." Dickson , 275 Kan. at 691, 69 P.3d 549. Reading the provisions together creates an ambiguity and means a plain language reading of the provisions does not resolve the potential tension between the various provisions.
Besides the interpretation adopted by the dissent, several other readings seem equally plausible. For example, the Legislature might have intended for (b)(1) to apply when the defendant orally contacts or orally penetrates the female genitalia, orally contacts the male genitalia, penetrates the anus of a male or female by any body part or object, or orally or anally copulates or has sexual intercourse with an animal. And (b)(2) applies when a defendant causes a child to do those things with any person, including the defendant.
The Court of Appeals in Dickson read the language in yet another way after noting it needed to distinguish between the crimes so it "differentiated and harmonized" the two provisions. State v. Dickson , 30 Kan. App. 2d 682, 687, 46 P.3d 1216 (2002), aff'd in part, rev'd in part 275 Kan. 683, 69 P.3d 549 (2003). The Dickson Court of Appeals panel limited (a)(1) "to a defendant's sodomy with a child of the designated age when the child has expressed or exhibited a willingness to engage in the act," and (a)(2) "to a defendant's sodomy with such a child when the child did not express or exhibit a willingness to engage in the sexual activity." 30 Kan. App. 2d at 687, 46 P.3d 1216.
This court rejected that reading and adopted yet another one in Dickson after examining the legislative history of the criminal sodomy statutes. In doing so, the Dickson court applied a different rubric for statutory interpretation than the one this court currently uses because it examined the legislative history without declaring the statute ambiguous. See State ex rel. Secretary of DCF v. Smith , 306 Kan. 40, 48, 392 P.3d 68 (2017). But a reading of Dickson makes it clear the court found the statute ambiguous. And even if all members of that court did not, I do. So I end up at the same place as did the Dickson court, even under the current statutory interpretation rubric; I too would look to the legislative history to determine the Legislature's intent. See Dickson , 275 Kan. at 690-92, 69 P.3d 549.
While reasonable minds might differ with the conclusions the Dickson court drew from the less-than-clear legislative history, I land on the doctrine of stare decisis. This court adheres to precedent " 'unless clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent.' " Crist v. Hunan Palace, Inc. , 277 Kan. 706, 715, 89 P.3d 573 (2004) (quoting Samsel v. Wheeler Transport Services, Inc ., 246 Kan. 336, 356, 789 P.2d 541 [ (1990) ] ).
The Dickson ruling is consistent with our rules of statutory interpretation and construction, and the Legislature has had 15 *505 years to amend the statute if it felt we had erred. And legislative inaction in the face of a controlling court decision can suggest legislative intent. See State v. Jordan , 303 Kan. 1017, 1021, 370 P.3d 417 (2016) ; State v. Quested , 302 Kan. 262, 279, 352 P.3d 553 (2015). I, thus, would follow Dickson .
Nuss, C.J., and Rosen, J., join in the foregoing concurrence.