Stegall, J., dissenting:
I write separately because I would accept the State's invitation to overturn State v. Dickson , 275 Kan. 683, 69 P.3d 549 (2003), which erroneously interpreted our aggravated criminal sodomy statute when it held "any person" cannot include the defendant. As a result, Fitzgerald's conviction should stand.
The facts in Dickson are much like the ones here. There was no dispute that Dickson himself sodomized a 14-year-old girl. But he was charged and convicted under the part of the sodomy statute that criminalized " 'causing a child 14 or more years of age but less than 16 years of age to engage in sodomy with any person or animal.' " 275 Kan. at 686, 69 P.3d 549 (quoting K.S.A. 21-3505[a][3] ).
On appeal, Dickson argued the evidence to convict him of this version of criminal sodomy was insufficient. We framed the question as one of statutory interpretation and explained our approach as follows:
"The resolution of this issue involves the interpretation of the relevant provisions of K.S.A. 21-3505(a)(3). In so doing, we are guided by certain rules of statutory construction which are applicable in the present case. Interpretation of a statute is a question of law subject to unlimited review. The intent of legislature governs if that intent can be ascertained. In ascertaining that intent, we are not limited to consideration of the language used but look to historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citations omitted.]" 275 Kan. at 688-89, 69 P.3d 549.
Conspicuously absent from the Dickson court's analysis is the prime rule of statutory construction-the ordinary meaning of the statute's plain language governs. See Wisconsin Central Ltd. v. United States , 585 U.S. ----, 138 S.Ct. 2067, 2070, --- L.Ed.2d ---- (2018) ("As usual, our job is to interpret the words consistent with their 'ordinary meaning ... at the time Congress enacted the statute.' "); Star Athletica, L.L.C. v. Varsity Brands, Inc. , 580 U.S. ----, 137 S.Ct. 1002, 1010, 197 L.Ed.2d 354 (2017) (" 'The controlling principle in this case is the basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written.' "); State v. Ward , 307 Kan. 245, 257, 408 P.3d 954 (2018) (" 'Repeated holdings by our Supreme Court have stated that the plain language of the statute governs.' "). Only when the statute's language is unclear or ambiguous do courts consider things such as legislative history. State v. Arnett , 307 Kan. 648, Syl. ¶ 4, 413 P.3d 787 (2018).
But Dickson skipped this crucial step and wound its way through an unnecessary tangle of legislative materials, only to discover it provided no substantive guidance. See Dickson , 275 Kan. at 689-90, 69 P.3d 549 ("Examination of the committee's minutes and attachments to the minutes reveals no legislative history regarding the addition of the phrase 'any person.' "); 275 Kan. at 691, 69 P.3d 549 ("As we have stated, there was no legislative history regarding the reasons for this amendment."). Ultimately, the court inferred from the sequence of various pieces of legislation that "any person" really meant "any person other than the defendant ." ( Emphasis added.) See 275 Kan. at 693, 69 P.3d 549. In the end, the court reversed Dickson's aggravated sodomy conviction on these grounds. 275 Kan. at 697, 69 P.3d 549.
Decisions like Dickson illustrate why this court has, more recently, been loath to look beyond the plain language of the text. "This court deems the language of a statute to be the primary consideration in ascertaining the intent of the legislature because the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use."
*506 Merryfield v. Sullivan , 301 Kan. 397, 399, 343 P.3d 515 (2015). Why we decline to follow that approach here is not obvious to me.
Contrary to today's majority, I would stick to our clearly enunciated commitment to the plain language of the statute. Among the virtues of this approach is a healthy respect for the Legislature as the co-equal department of government primarily charged with policy making in the arena of criminal law. Additionally, as is often the case, the plain language analysis ends up being straightforward, comprehensible, predictable, and relatively easy to apply.
Fitzgerald was charged under K.S.A. 2017 Supp. 21-5504(b)(2), which defines aggravated criminal sodomy as "causing a child under 14 years of age to engage in sodomy with any person or an animal." The only disputed matter in this case is whether "any person" includes Fitzgerald. Fitzgerald does not dispute the fact that he is a person. So the more precise question is whether "any" excludes Fitzgerald. Not long ago, we observed: " '[A]ny' is an indefinite adjective that quantifies the thing it modifies but does not change its substantive meaning." In re T.S. , 308 Kan. 306, ----, 419 P.3d 1159, 1162 (2018) ; see Webster's New World College Dictionary 64 (5th ed. 2014) (defining "any" as "some, no matter how much or how little" and "without limit"); see also United States v. Stock , 728 F.3d 287, 295 (3d Cir. 2013) ("[T]he adjective 'any' can broaden the scope of the noun ... to its natural boundary, but not beyond."). I would follow this simple and straightforward logic and conclude that "any person" includes rather than excludes Fitzgerald. The evidence, therefore, supports his conviction under K.S.A. 2017 Supp. 21-5504(b)(2).
Put plainly, this institution does not rewrite statutes. Our task is to interpret the plain meaning of the words chosen by the Legislature. If it intended something other than these words, it is the Legislature's job to fix the mistake.
For this reason, I respectfully dissent.