IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,278

STATE OF KANSAS,
*Appellee*,

v.

DAVID SHELDON MEARS,
*Appellant.*


SYLLABUS BY THE COURT

A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of "vehicle" is defined more broadly than the "vehicle" element in the state DUI statute, cannot be used to elevate a later violation of the state statute to a felony.


Review of the judgment of the Court of Appeals in an unpublished opinion filed April 28, 2017. Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed August 10, 2018. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is vacated, and the case is remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.


The opinion of the court was delivered by

BEIER, J.: This companion case to *State v. Gensler*, 308 Kan. ___, ___ P.3d ___ (No. 112,523, this day decided), and *State v. Fisher*, 308 Kan. ___, ___ P.3d ___ (No. 115,277, this day decided), involves defendant David S. Mears' sentence for driving under the influence (DUI), which was based on two prior convictions for DUI.

One of Mears' prior DUI convictions was a Wichita Municipal Court conviction. Mears argues that the Wichita DUI cannot be used to enhance his current state DUI sentence because the Wichita ordinance prohibits a broader range of conduct than the Kansas statute. As detailed in our decision in *Gensler*, we hold that a conviction based on the ordinance cannot be used to enhance a sentence for a DUI conviction under K.S.A. 2017 Supp. 8-1567. We vacate Mears' sentence and remand this case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2014, the State charged Mears with two alternative counts of felony driving under the influence on October 19, 2013. One of the two predicate DUIs used to elevate the current case to felony level was an April 13, 2011, conviction in Wichita Municipal Court for driving under the influence.

The Wichita ordinance governing at the time of Mears' prior DUI read in pertinent part:

"(a) No person shall operate or attempt to operate any vehicle within the city while:

(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;

2

(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, 'any competent evidence' includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." Wichita Municipal Ordinance (W.M.O.) 11.38.150.

Mears filed a motion to dismiss the new charges, arguing the Wichita municipal DUI could not be used as a predicate to establish felony DUI under K.S.A. 2017 Supp. 8-1567.

After hearing argument on the motion, the district court judge reviewed the charging document and the disposition sheet from the Wichita DUI. The charging document showed that Mears had been charged with two alternative DUI counts while operating a "Ford P/U" on January 8, 2011. The disposition sheet showed that Mears pleaded no contest to, and was found guilty of, the municipal DUI on April 13, 2011. Based on these documents, the district judge denied Mears' motion to dismiss.

The case proceeded to a bench trial on stipulated facts, including:

3

"A review of the criminal history of David Mears found he has been convicted of DUI on at least two prior occasions. The defendant was previously convicted of DUI on the 28th day of January, 2008, in the City of Bel Aire Municipal Court, case number 07BA0117 (State's exhibit #1 attached). The defendant was previously convicted of DUI on the 13th day of April, 2011, in the Municipal Court of the City of Wichita, case number 11DU00012."

At the bench trial, the judge acknowledged Mears' continuing objection to the use of the Wichita DUI and found "Mr. Mears guilty based on the stipulated facts."

Before sentencing, Mears objected to including the Wichita municipal DUI in his criminal history score. The district judge overruled the objection, incorporating by reference his prior rulings on the issue.

On appeal, a Court of Appeals panel held that Mears' 2011 Wichita municipal DUI conviction could not be considered a past conviction under K.S.A. 2016 Supp. 8-1567(b). See *State v. Mears*, No. 115,278, 2017 WL 1534748, at *5-6 (Kan. App. 2017) (unpublished opinion). The panel vacated Mears' sentence and remanded the case for resentencing.

The State petitioned this court for review, which we granted.

DISCUSSION

K.S.A. 2017 Supp. 8-1567(i)(1) establishes the criteria for determining whether a prior DUI conviction may be counted for determining whether a new DUI conviction is a first, second, third, fourth, or subsequent DUI conviction. Convictions for a "violation of an ordinance of any city . . . which prohibits the acts that [K.S.A. 8-1567] prohibits" are counted as prior DUIs.

Our decision today in *Gensler*, 308 Kan. at __, slip op. at 15, holds that a prior municipal DUI conviction under the version of W.M.O. 11.38.150 in effect at the time of Mears' conviction does not count as a prior DUI under K.S.A. 2017 Supp. 8-1567(i)(1), because the ordinance defines "vehicle" more broadly than the state statute and therefore prohibits a broader range of conduct. The broader definition means that the Wichita ordinance does not prohibit the acts that K.S.A. 2017 Supp. 8-1567 prohibits.

*Gensler* dictates the outcome of this case and compels a decision in Mears' favor. Mears' 2011 Wichita municipal DUI cannot be used for sentencing purposes for his current DUI prosecuted under K.S.A. 2017 Supp. 8-1567.

CONCLUSION

We affirm the Court of Appeals decision vacating Mears' sentence and remand the case for resentencing.

* * *

STEGALL, J., dissenting: For the reasons set forth in my dissent in *State v. Gensler*, 308 Kan. __, __ P.3d __ (No. 112,523, this day decided), I dissent.

5