IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,523

STATE OF KANSAS,
*Appellee*,

v.

STACY A. GENSLER,
*Appellant.*

SYLLABUS BY THE COURT

A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of "vehicle" is defined more broadly than the "vehicle" element in the state DUI statute, cannot be used to elevate a later violation of the state statute to a felony.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 6, 2016. Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 10, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated, and the case is remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, argued the cause and was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

1

BEIER, J.:  This companion case to *State v. Mears*, 308 Kan. ___, ___ P.3d ___ (No. 115,278, this day decided), and *State v. Fisher*, 308 Kan. ___, ___ P.3d ___ (No. 115,277, this day decided), involves defendant Stacy A. Gensler's sentence for driving under the influence (DUI), which was based on two prior convictions for DUI.

Gensler was twice convicted of DUI under a Wichita municipal ordinance. Gensler argues that the Wichita DUIs cannot be used to enhance his current DUI sentence, because the Wichita ordinance prohibits a broader range of conduct than the Kansas statute. The definition of "vehicle" in the Wichita Ordinance included bicycles and other human-powered devices. In contrast, the state statute explicitly excludes such devices. Compare Wichita Municipal Ordinance (W.M.O.) 11.04.400 with K.S.A. 8-1485 (vehicle definition, excludes "devices moved by human power"); see also *City of Wichita v. Hackett*, 275 Kan. 848, 69 P.3d 621 (2003).

For the reasons set out below, we conclude that the sentencing provisions of K.S.A. 2017 Supp. 8-1567(i)(1) that define "conviction" do not cover Gensler's previous DUI convictions under the Wichita ordinance, because the ordinance did not "prohibit[] the acts that [K.S.A. 8-1567] prohibits." We vacate Gensler's sentence and remand this case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2013, the State charged Gensler with felony DUI after his March 29, 2013, arrest for driving with a blood or breath alcohol concentration of more than .08 or, alternatively, while incapable of safely operating the car. To establish that this would give rise to Gensler's third DUI conviction and therefore a felony, the State alleged that Gensler had been twice convicted of DUI in Wichita Municipal Court. The Wichita DUIs had occurred on November 16, 2006, and June 22, 2010.

2

The Wichita ordinance governing at the time of Gensler's prior DUIs read in pertinent part:

"(a) No person shall operate or attempt to operate any vehicle within the city while:

(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;

(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, 'any competent evidence' includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." W.M.O. 11.38.150.

At Gensler's preliminary hearing, Gensler's attorney argued the Wichita DUIs could not be used to enhance Gensler's state case to a felony because the municipal ordinance prohibited a broader range of conduct than the state DUI statute. In addition,

Gensler objected to the State introducing the traffic citations and disposition sheets from his municipal convictions into evidence. The district court judge rejected Gensler's arguments.

After the preliminary hearing, Gensler filed a motion to dismiss, reasserting his argument that the municipal DUIs could not elevate the current DUI prosecution to a felony. The district judge again rejected Gensler's argument and denied the motion.

Gensler's case proceeded to a bench trial on stipulated facts. The State and Gensler stipulated:

> "On March 29th, 2013, in Sedgwick County Kansas, Defendant drove a vehicle. The alcohol concentration in defendant's breath at a time within three hours of Defendant driving a vehicle was 0.182. Wichita Police Service Officer Fransisco Mendez #S0273 administered the test on a machine Mendez believed to be working properly and certified."

Based on the stipulated facts, the judge found Gensler guilty of felony DUI.

Gensler objected to the inclusion of the two Wichita DUI convictions in the criminal history score in his presentence investigation report. He reiterated his argument that those convictions should not be counted because the Wichita ordinance prohibited a broader range of conduct than the state statute.

Before imposing sentence, the district judge heard arguments on inclusion of the Wichita DUIs. The State offered into evidence the complaint, i.e., the traffic ticket, and the journal entry of judgment for each municipal conviction. Relying on those documents, the district judge concluded that each of the Wichita DUI convictions

4

satisfied the statutory definition of a prior conviction and sentenced Gensler for felony DUI under the state statute.

On appeal to the Court of Appeals, Gensler argued that "any attempt by the district court to look at the underlying facts of the municipal convictions would constitute judicial factfinding in violation of *Descamps v. United States,* 570 U.S [254], 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)[,] and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)." *State v. Gensler*, No. 112,523, 2016 WL 2610262, at *1 (Kan. App. 2016) (unpublished opinion).

The panel concluded that the Wichita municipal DUI ordinance was a "divisible ordinance because a conviction under the ordinance applies either to an automobile or a bicycle, one of which matches a conviction under K.S.A. 8-1567." 2016 WL 2610262, at *5; see *State v. Dickey*, 301 Kan. 1018, 1037, 350 P.3d 1054 (2015) (*Dickey I*) (explaining *Descamps* analysis). Based on that conclusion, the panel applied a "modified categorical" approach to determine whether the district judge appropriately considered documents from the previous convictions.

> "Under this approach, Gensler's sentencing judge was permitted to examine the municipal court citations that clearly showed his convictions were based on the operation of motor vehicles rather than a bicycle. This procedure did not constitute impermissible judicial factfinding in violation of *Descamps* and *Apprendi.* The district court correctly determined that Gensler's prior DUI convictions under the municipal ordinance were based on the same acts prohibited by K.S.A. 8-1567. Therefore, the district court did not err when it counted Gensler's two ordinance convictions as prior convictions for sentencing purposes under K.S.A. 8-1567." 2016 WL 2610262, at *5.

On petition for review, Gensler asks us to decide whether his "prior DUI convictions for violation of Wichita Municipal Ordinance 11.38.150 [are] 'prior

convictions' as defined by K.S.A. 8-1567(i), and therefore scoreable to elevate his current DUI conviction to Felony classification." We granted review.

DISCUSSION

Resolution of the issue in this appeal requires interpretation of a statute. Issues of statutory interpretation raise questions of law over which appellate courts exercise unlimited review. *State v. Castleberry*, 301 Kan. 170, 175, 339 P.3d 795 (2014).

> "Legislative intent governs that review, and '[r]eliance on the plain and unambiguous language of a statute is "the best and only safe rule for determining the intent of the creators of a written law."' *State v. Spencer Gifts,* 304 Kan. 755, 761, 374 P.3d 680 (2016) (quoting *Merryfield v. Sullivan*, 301 Kan. 397, 399, 343 P.3d 515 [2015]). Therefore, we read the statutory language as it appears, without adding or deleting words, and only '[i]f the language is less than clear or is ambiguous, [do] we move to statutory construction.' *Ambrosier v. Brownback*, 304 Kan. 907, 911, 375 P.3d 1007 (2016). If a statute is not ambiguous, we do not examine 'legislative history, background considerations that speak to legislative purpose, or canons of statutory construction.' *In re Marriage of Brown*, 295 Kan. at 969." *State v. Gray*, 306 Kan. 1287, 1294, 403 P.3d 1220 (2017).

Both parties and the Court of Appeals panel begin their analysis with the interpretation of the underlying statute—K.S.A. 2017 Supp. 8-1567. But their focus ultimately turns to how the "categorical" and "modified categorical" approaches apply and whether it is constitutionally permissible to look at documents from a prior conviction to determine if it qualifies as a prior DUI.

Several Court of Appeals panels have addressed whether a DUI under the Wichita ordinance counts as a prior DUI conviction under the state statute. With the exception of the panel in this case, the panels have consistently held that a prior Wichita DUI may not

6

be used for DUI sentence enhancement. See, e.g., *State v. Lamone*, 54 Kan. App. 2d 180, 193, 399 P.3d 235 (2017) (Wichita ordinance cannot support state sentence enhancement because of impermissible judicial fact-finding), *petition for rev. granted* 307 Kan. 991 (2018); see also *State v. Williams*, 55 Kan. App. 2d 389, 393, 416 P.3d 1024 (2018) (collecting cases).

Recently, we have addressed similar sentencing classification questions. See, e.g., *Dickey I*, 301 Kan. 1018 (classification of prior burglary conviction as person, nonperson crime). We have resolved the questions in these cases purely as a matter of statutory interpretation. See *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*) ("the proper classification of a prior crime is exclusively a matter of state statutory law"); see also *State v. Wetrich*, 307 Kan. 552, 558-59, 412 P.3d 984 (2018) (resolving scoring of out-of-state burglary conviction as matter of statutory interpretation). But we have also recognized that these decisions have a "thick overlay of constitutional law." *Dickey II*, 305 Kan. at 221. Under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), a sentencing court's fact-finding is limited. Cf. *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013) (citing *Apprendi*, 544 U.S. at 25) (sentence enhancement under Armed Career Criminal Act [ACCA] would "raise serious Sixth Amendment concerns if it went beyond merely identifying a prior conviction").

We follow the same path today and resolve this case as a matter of statutory interpretation. See *Wetrich*, 307 Kan. at 558 (appellate courts generally avoid making unnecessary constitutional decisions).

Classification of prior DUI convictions is governed by K.S.A. 2017 Supp. 8-1567, which provides in relevant part:

"(i) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

"(1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county *which prohibits the acts that this section prohibits*, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, shall be taken into account, but only convictions or diversions occurring on or after July 1, 2001."

. . . .

"(3) 'conviction' includes: . . . (B) conviction of a violation of an ordinance of a city in this state, a resolution of a county in this state or any law of another state which would constitute a crime described in subsection (i)(1) or (i)(2)." (Emphasis added.)

Although not argued by the parties and not applicable in this case, we note that the Legislature amended subsection (i)(3)(B) last session. That section now reads: "'conviction' includes: . . . conviction of a violation of an ordinance of a city in this state, a resolution of a county in this state or any law of another jurisdiction that would constitute an offense that is *comparable* to the offense described in subsection (i)(1) or (i)(2)." (Emphasis added.) K.S.A. 8-1567, as amended by L. 2018, ch. 106, § 13. In addition, the Legislature added three criteria to use to determine if another jurisdiction's law is comparable. See K.S.A. 8-1567(j)(1)-(3), as amended by L. 2018, ch. 106, § 13.

According to the State, the applicable version of the statute did "not seek to restrict valid prior municipal court convictions to those under a municipal ordinance that prohibits *only and exactly* the same conduct that K.S.A. 8-1567 prohibits." In other words, the State would interpret the statute to encompass convictions under any

8

ordinance that prohibits the acts prohibited by the state DUI law, even if the ordinance also prohibits a broader range of acts.

In contrast, Gensler argues that K.S.A. 2017 Supp. 8-1567 requires a side-by-side comparison of the elements of the DUI statute to the elements of the municipal ordinance forming the basis for the prior conviction. If that comparison reveals that the ordinance prohibits a broader range of conduct, then the prior DUI conviction cannot be used.

At its core, the dispute between the parties comes down to what it means for an ordinance to prohibit "the" acts that the state DUI statute prohibits. Is an ordinance required to prohibit only the acts also prohibited by state law or only a subset of those acts? Or must an ordinance merely prohibit the acts prohibited by state law without limitation of the additional acts it may also prohibit?

Each alternative is plausible; "the" as used in the statutory phrase is ambiguous. A conviction counts as a prior DUI if the conviction is based on an ordinance "that prohibits *the* acts that this section prohibits." (Emphasis added.) K.S.A. 2017 Supp. 8-1567(i)(1). Because of this ambiguity, we turn to the tools of statutory construction—employment of statutory canons and examination of legislative history and other background considerations—to determine legislative intent. See *Midwest Crane & Rigging, LLC v. Kansas Corporation Comm'n*, 306 Kan. 845, 850, 397 P.3d 1205 (2017) (only when language is "'less than clear'" or ambiguous does court move to statutory construction). In addition to these tools, because this is a criminal statute, the rule of lenity mandates that an unresolvably ambiguous statute be construed in favor of the accused, with the qualification that "the judicial interpretation in favor of the accused must be reasonable and sensible to effect the legislative design and the intent of the act." *City of Dodge City v. Webb*, 305 Kan. 351, 381 P.3d 464 (2016).

9

In *City of Wichita v. Hackett*, 275 Kan. 848, 69 P.3d 621 (2003), this court addressed the legislative intent behind the prior-conviction provision of K.S.A. 8-1567 and the Wichita DUI ordinance specifically. The *Hackett* court very briefly addressed the question of whether "a conviction for DUI as defined under [Wichita's] ordinance qualif[ies] as a conviction under K.S.A. 8-1567." 275 Kan. at 852. After reciting the definition of "conviction," the court noted that the DUI statutes "disclose that the legislature intended to limit the consequences of a DUI conviction to those acts proscribed by state law." 275 Kan. at 853.

This previous articulation of legislative intent, the Legislature's silence until this year, and the rule of lenity, lead us to a narrower interpretation of "the." For a municipal DUI to count as a prior DUI conviction under the state DUI statute, the municipal ordinance cannot criminalize a broader range of acts than the state statute criminalizes.

The relevant comparison for determining whether a municipal ordinance criminalizes a broader range of acts than a statute juxtaposes statutory elements with ordinance elements, not statutory elements with facts of the ordinance violation in issue. *Hackett*, which merely involved whether a Wichita DUI for riding a bicycle while intoxicated exposed the defendant to additional consequences under K.S.A. 8-1567, did not address this necessary distinction. See *Hackett*, 275 Kan. at 852-53.

The elements-based comparison is akin to the categorical approach applied by federal courts to determine whether a prior conviction qualifies as a listed generic offense under the ACCA. See *Taylor v. United States*, 495 U.S. 575, 588-89, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) (Congress intended enhancement provision to be triggered by crimes having certain elements, not by crimes that happened to be labeled robbery, burglary); see also *Descamps*, 570 U.S. at 257 (categorical approach compares elements of statute forming basis of conviction with elements of "generic crime," i.e., offense as

10

commonly understood). This court has previously applied this approach in other sentencing contexts. See *Dickey I*, 301 Kan. at 1039 (applying *Descamps*, discussing categorical, modified categorical approaches to classification of burglary as person, nonperson felony). It differs from the federal model only in that the baseline for comparison is K.S.A. 8-1567 rather than a "generic" crime. If the comparison of the ordinance underlying the prior conviction and K.S.A. 8-1567 shows that the elements of the prior conviction are the same as, or narrower than, the elements of K.S.A. 8-1567, then the prior DUI conviction may be counted. Cf. *Dickey I*, 301 Kan. at 1038-39 (applying categorical approach).

For simple statutes, the categorical approach works well. But often ordinances and statutes are structured to set out one or more elements of the offense in the alternative. This creates a problem if one set of alternative elements is identical to, or narrower than, the baseline statute, K.S.A. 2017 Supp. 8-1567 in our case, while another set of alternative elements is broader than the baseline statute. To address this problem, the United States Supreme Court has approved of a "modified categorical" approach in the context of the ACCA. See *Descamps*, 570 U.S. at 257. In *Dickey I*, we applied the modified categorical approach to classification of prior burglary convictions. See 301 Kan. at 1037-38.

The modified categorical approach has limitations, however. The approach can be applied only to what the United States Supreme Court has termed a "divisible" provision.

> "That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The

11

court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps*, 570 U.S. at 257.

It is important to note that not only is the class of documents that may be consulted limited but also the purpose for which the documents may be consulted is limited. As the Supreme Court emphasized throughout *Descamps*, the categorical and modified categorical approaches "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" 570 U.S. at 261 (quoting *Taylor*, 495 U.S. at 600). The review of the documents is not "to determine 'what the defendant and state judge must have understood as the factual basis of the prior plea,' but only to assess whether the plea was to the version of the crime . . . corresponding to the generic offense." 570 U.S. at 262.

As the Court noted, the modified categorical approach is not a separate approach but merely a means of applying the categorical approach.

"[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an exception, but instead as a tool. It retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.' If at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense. [Citation omitted.]" 570 U.S. at 263-64.

With this framework in mind, we turn to Gensler's prior DUI convictions under the Wichita ordinance.

K.S.A. 2017 Supp. 8-1567 and the Wichita ordinance define driving under the influence in nearly identical ways. Both the state DUI statute and the version of the Wichita DUI ordinance prohibit operating or attempting to operate a "vehicle" while intoxicated by alcohol or drugs. And both employ the same five general criteria for establishing intoxication. Compare K.S.A. 2017 Supp. 8-1567(a)(1)-(5) (subsections [a][1], [2] require alcohol concentration of .08; subsections [a][3] through [5] require driver to be incapable of safely driving vehicle due to alcohol, drugs, combination) with W.M.O. 11.38.150 (same).

Yet the version of Wichita's DUI ordinance applicable at the time of Gensler's convictions differed from state DUI law in the definition of "vehicle." K.S.A. 2017 Supp. 8-1485 defines "vehicle" as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except electric personal assistive mobility devices or devices moved by human power or used exclusively upon stationary rails or tracks." The Wichita ordinance defined "vehicle" to mean "every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon stationary rails or tracks." W.M.O. 11.04.400. The ordinance's silence on exceptions for electric personal assistive devices and devices moved by human power made its coverage broader than that of the state's baseline statute. Thus a prior conviction under the ordinance can only count as a prior conviction in this case and others like it if the ordinance is divisible and the defendant was convicted under an alternative form of the crime that is the same as, or narrower than, K.S.A. 2017 Supp. 8-1567.

13

Here, the Court of Appeals panel took the position that the ordinance's definition of vehicle made it divisible and ripe for application of the modified categorical approach:

"Applying the analysis in *Dickey* to Gensler's case, the Wichita municipal DUI ordinance, including the definition of a vehicle, should be considered a divisible ordinance because a conviction under the ordinance applies *either to an automobile or a bicycle*, one of which matches a conviction under K.S.A. 8-1567. . . . Under [the modified categorical] approach, Gensler's sentencing judge was permitted to examine the municipal court citations that clearly showed his convictions were based on the operation of motor vehicles rather than a bicycle. This procedure did not constitute impermissible judicial factfinding in violation of *Descamps* and *Apprendi*." (Emphasis added.) *Gensler*, 2016 WL 2610262, at *5.

The problem with the panel's pattern of analysis is that it was explicitly rejected by the United States Supreme Court in *Descamps*. Criticizing the Ninth Circuit Court of Appeals and its statement that the "'only conceptual difference . . . is that [a divisible statute] creates an *explicitly* finite list of possible means of commission, while [an indivisible one] creates an *implied* list of every means of commission that otherwise fits the definition of a given crime,'" 570 U.S. at 271 (quoting *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 927 [9th Cir. 2011] [en banc] [per curiam]), the Court noted that the problem with creating a hypothetical list of alternatives to replace a generic term such as "weapon" is that the jury need not have agreed on a particular alternative in reaching its verdict.

"Whatever the underlying facts or the evidence presented, the defendant still would not have been convicted, in the deliberate and considered way the Constitution guarantees, of an offense with the same (or narrower) elements as the supposed generic crime. . . .

". . .The Ninth Circuit's contrary reasoning would altogether collapse the distinction between a categorical and a fact-specific approach. . . . [Under such an

approach,] every element of every statute [could be] imaginatively transformed . . . so that every crime is seen as containing an infinite number of sub-crimes corresponding to 'all the possible ways an individual can commit' it." *Descamps*, 570 U.S. at 273.

Despite the panel's characterization of the ordinance as applying to operation of either a car or a bicycle, the ordinance itself only prohibits operating a "vehicle" under the influence. That is the element of the crime, which is then defined in a broad, inclusive way. This definition obviously includes both cars and bicycles, among many others, but cars and bicycles do not constitute alternative elements of the crime.

In proving Gensler's previous municipal charges, the prosecution bore the burden of proving he operated a "vehicle" while intoxicated. Whether that vehicle was a bicycle or car is impossible to determine based on a comparison of the elements of the statute and the elements of the ordinance. To determine the precise nature of the "vehicle" Gensler was operating would require a sentencing court to engage in its own fact-finding, which is impermissible. Divisibility and application of the modified categorical approach do not come into play.

The elements of the Wichita ordinance are not the same as, or narrower than, the elements of K.S.A. 2017 Supp. 8-1567. And Gensler's convictions under the ordinance cannot be used as prior DUIs for purposes of this DUI prosecution under the state statute, K.S.A. 2017 Supp. 8-1567.

CONCLUSION

For the reasons stated, we reverse the Court of Appeals decision. We vacate defendant Stacy A. Gensler's sentence and remand this case to the district court for resentencing without inclusion of Gensler's DUIs under the Wichita ordinance as prior DUI convictions.

* * *

STEGALL, J., dissenting: "'The controlling principle in this case is the basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written.'" *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. ___, 137 S. Ct. 1002, 1010, 197 L. Ed. 2d 354 (2017) (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476, 112 S. Ct. 2589, 120 L. Ed. 2d 379 [1992]). When interpreting a statute, courts first look to the ordinary meaning of the words used at the time the Legislature passed the law. See *Wisconsin Central Ltd. v. United States*, 585 U.S. __, __, 138 S. Ct. 2067, 2070, 50 L. Ed. 2d 499 (2018). A court should always strive to effectuate the plain and unambiguous language of a statute. Only when the statute is ambiguous or unclear should the court "consult legislative history, or consider other background information to ascertain the statute's meaning." *State v. Arnett*, 307 Kan. 648, Syl. ¶ 4, 413 P.3d 787 (2018).

K.S.A. 2017 Supp. 8-1567(i)(1) provides:

"(i) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

(1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county which prohibits *the acts that this section prohibits*, or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, shall be taken into account, but only convictions or diversions occurring on or after July 1, 2001." (Emphasis added.)

16

The majority believes the word "the" is ambiguous and concludes as a result that the plain language of the statute reasonably supports different meanings.

> "[W]hat [does] it mean[] for an ordinance to prohibit 'the' acts that the state DUI statute prohibits[?] Is an ordinance required to prohibit only the acts also prohibited by state law or only a subset of those acts? Or must an ordinance merely prohibit the acts prohibited by state law without limitation of the additional acts it may also prohibit?
>
> "Each alternative is plausible." Slip op. at 9.

First, plausibility is not the correct standard for judging when a statute is ambiguous. See, e.g., *In re Tax Appeal of BHCMC*, 307 Kan. 154, 166, 408 P.3d 103 (2017) (finding ambiguity because "reasonable minds could differ on this interpretation of the statute"). Second, and more importantly, I suggest that if we can discern an ambiguity in the definite article "the," we can discern an ambiguity in virtually any language the Legislature may choose, effectively rendering our plain language jurisprudence optional at best and a dead letter at worst.

To understand the plain meaning of K.S.A. 2017 Supp. 8-1567(i)(1), we need look no further than the four words that follow "the acts" to discern the acts to which the statute refers—the ones "that this section prohibits." In this case, "the acts that" K.S.A. 2017 Supp. 8-1567 "prohibits" are "operating or attempting to operate any vehicle within this state while . . . the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more." K.S.A. 2017 Supp. 8-1567(a)(2). The Wichita ordinance clearly prohibits these same acts, a fact no one disputes. See W.M.O. 11.38.150(a)(1). As such, Gensler's conviction under the Wichita ordinance should be used to determine whether Gensler's current DUI is his first, second, third, fourth, or subsequent conviction.

17

Instead, having determined that "the" is not sufficiently precise, the majority has substituted its idea of a proper statute in place of the one the Legislature passed. The statutory language "the acts that this section prohibits" now means *only* the *same* acts that this section prohibits *or a subset of those same acts*, thus requiring courts to conduct an elements comparison analysis. See slip op. at 9.

But if the Legislature had wanted to impose on this subsection of the DUI statutes a same-elements-or-narrower test, it surely knew how to do so. In other portions of the DUI statutory scheme, the Legislature has demonstrated familiarity with this concept. See K.S.A. 2017 Supp. 8-1567(i)(4) ("the same arrest"), (k)(2) ("the same violation"), (k)(3) ("notwithstanding that the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished as, a felony"), (l)(2) ("If the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished as, a felony."). The Legislature knew how to reach the result the majority seeks, but it chose not to.

"We should not seek ambiguity where none exists merely for the purpose of invoking the rule of liberal construction." *United States Fid. & Guar. Co. v. Western Cas. & Surety Co.*, 195 Kan. 603, 605, 408 P.2d 596 (1965). Because K.S.A. 2017 Supp. 8-1567 is unambiguous, our inquiry should begin and end with its text. See *National Association of Manufacturers v. Dept. of Defense*, 583 U.S. ___, 138 S. Ct. 617, 631, 199 L. Ed. 2d 501 (2018).

For this reason, I respectfully dissent.