IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,277

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS W. FISHER,
*Appellant.*

SYLLABUS BY THE COURT

A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of "vehicle" is defined more broadly than the "vehicle" element in the state DUI statute, cannot be used to elevate a later violation of the state statute to a felony.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 12, 2017. Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed August 10, 2018. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is vacated, and the case is remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

1

BEIER, J.: This companion case to *State v. Gensler*, 308 Kan. ___, ___ P.3d ___ (No. 112,523, this day decided), and *State v. Mears*, 308 Kan. ___, ___ P.3d ___ (No. 115,278, this day decided), involves defendant Nicholas W. Fisher's sentence for driving under the influence (DUI), which was based on two prior convictions for DUI.

One of Fisher's prior DUI convictions was a Wichita Municipal Court conviction. Fisher argues that the Wichita DUI cannot be used to enhance his current state DUI sentence, because the Wichita ordinance prohibits a broader range of conduct than the Kansas statute. As detailed in our decision in *Gensler*, we hold that a conviction based on the ordinance cannot be used to enhance a sentence for a DUI conviction under K.S.A. 2017 Supp. 8-1567. We vacate Fisher's sentence and remand this case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2014, Fisher was charged with two alternative counts of driving under the influence on January 20, 2013. Based on two previous DUI convictions, the State charged Fisher with felony DUI under K.S.A. 2017 Supp. 8-1567. One of the predicate DUI convictions arose under Wichita municipal ordinance for a DUI on March 14, 2014.

The ordinance governing at the time of Fisher's prior DUI read in pertinent part:

"(a) No person shall operate or attempt to operate any vehicle within the city while:

(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;

2

(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, 'any competent evidence' includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." Wichita Municipal Ordinance (W.M.O.) 11.38.150.

Fisher's counsel filed a motion to dismiss the charges, arguing that the Wichita DUI did not count as a prior DUI because the Wichita ordinance is broader than the state statute.

At the hearing on the motion, the judge began by looking at the "city disposition sheets" from Fisher's prior Wichita conviction. Although the sheets established Fisher's prior conviction, they did not describe his specific means of conveyance. The State acknowledged the deficiency but was prepared to offer the citation, "which is also the charging document[] in the city." According to the State, the citation would establish the means of conveyance.

After argument from both sides about the appropriateness of considering the information in the charging document, the judge concluded that the Wichita ordinance

3

qualified as "divisible." Because it was divisible, the "modified categorical" approach would apply, permitting him to view the charging document. The judge then reviewed the document and noted for the record, "Mr. Fisher's ticket from the city was dated July 4, 2013. The allegations are that he operated a vehicle, a Nissan SBL SLR." The judge thus found that a motor vehicle was operated, which qualified the Wichita DUI as a prior conviction under K.S.A. 2017 Supp. 8-1567.

Fisher's case proceeded to a bench trial on stipulated facts, and he was found guilty of DUI.

At sentencing, Fisher renewed his objection to using his Wichita DUI conviction as a prior DUI. The objection was overruled.

On appeal to the Court of Appeals, the panel held that the sentencing court should have applied a categorical approach in its analysis. "Based purely on the language of [the Wichita ordinances], the district court could not have determined that Fisher operated a 'vehicle' that was covered under the narrower definition found in K.S.A. 8-1485 and made illegal to drive while intoxicated under K.S.A. 8-1567." *State v. Fisher*, No. 115,277, 2017 WL 2021526, at *5 (Kan. App. 2017) (unpublished opinion). As a result, the panel vacated Fisher's sentence and ordered remand for resentencing.

This court granted the State's petition for review.

DISCUSSION

K.S.A. 2017 Supp. 8-1567(i)(1) establishes the criteria for determining whether a prior DUI conviction may be counted for determining whether a new DUI conviction is a first, second, third, fourth, or subsequent DUI conviction. Convictions for a "violation of

4

an ordinance of any city . . . which prohibits the acts that [K.S.A. 8-1567] prohibits" are counted as prior DUIs.

Our decision today in *Gensler*, 308 Kan. at __, slip op. at 15, holds that a prior municipal DUI conviction under the version of W.M.O. 11.38.150 in effect at the time of Fisher's conviction does not count as a prior DUI under K.S.A. 2017 Supp. 8-1567(i)(1), because the ordinance defines "vehicle" more broadly than the state statute and therefore prohibits a broader range of conduct. The broader definition means that the Wichita ordinance does not prohibit the acts that K.S.A. 2017 Supp. 8-1567 prohibits.

*Gensler* dictates the outcome of this case and compels a decision in Fisher's favor. Fisher's 2014 Wichita DUI cannot be used for sentencing purposes for his current DUI prosecuted under K.S.A. 2017 Supp. 8-1567.

CONCLUSION

We affirm the Court of Appeals decision vacating Fisher's sentence and remanding the case for resentencing.

\* \* \*

STEGALL, J., dissenting:  For the reasons set forth in my dissent in *State v. Gensler*, 308 Kan. __, __ P.3d __ (No. 112,523, this day decided), I dissent.