IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,451

STATE OF KANSAS,
*Appellee*,

v.

STEPHANIE R. LAMONE,
*Appellant*.

SYLLABUS BY THE COURT

A prior municipal court conviction for driving under the influence (DUI) under a Wichita ordinance prohibiting operation of a vehicle under certain circumstances, when the element of "vehicle" is defined more broadly than the "vehicle" element in the state DUI statute, cannot be used to elevate a later violation of the state statute to a felony.

Review of the judgment of the Court of Appeals in 54 Kan. App. 2d 180, 399 P.3d 235 (2017). Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed September 28, 2018. Judgment of the Court of Appeals reversing the district court is affirmed. Judgment of the district court is vacated, and the case remanded with directions.

*C. Ryan Gering*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.:  This case involves defendant Stephanie R. Lamone's sentence for driving under the influence (DUI) based on two prior convictions for DUI.

The two DUI convictions were Wichita Municipal Court convictions. Lamone argues that the Wichita DUIs cannot be used to enhance her current state DUI sentence, because the Wichita ordinance prohibits a broader range of conduct than the Kansas statute. This court has already addressed and resolved this issue. As detailed in our decision in *State v. Gensler*, 308 Kan. 674, 423 P.3d 488 (2018), we hold that a conviction based on the ordinance cannot be used to enhance a sentence for a DUI conviction under K.S.A. 2017 Supp. 8-1567. See also *State v. Fisher*, 308 Kan. 715, 423 P.3d 528 (2018); *State v. Mears*, 308 Kan. 719, 423 P.3d 467 (2018). We vacate Lamone's sentence and remand this case to the district court for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2014, the State charged Lamone with two alternative counts of felony driving under the influence, which occurred on February 12, 2014. Lamone had two prior convictions for driving while under the influence under Wichita's Municipal Code, one on September 2, 2010, and the second on December 15, 2011.

The Wichita ordinance governing DUIs at the time of those convictions read in part:

"(a) No person shall operate or attempt to operate any vehicle within the city while:

(1) The alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle is .08 or more;

2

(2) Under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

(3) The alcohol concentration in the person's blood or breath as shown by any competent evidence is .08 or more. For the purposes of this section, 'any competent evidence' includes (1) Alcohol concentration tests obtained from samples taken three hours or more after the operation or attempted operation of a vehicle, and (2) readings obtained from a partial alcohol concentration test on a breath testing machine;

(4) Under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or

(5) Under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle." Wichita Municipal Ordinance (W.M.O.) 11.38.150.

Lamone moved to dismiss the charges, arguing the Wichita DUIs could not be used as predicates to establish felony DUI under K.S.A. 2017 Supp. 8-1567.

After hearing argument on the motion, the district court judge reviewed the citation and the disposition sheet from the previous two Wichita DUIs. The documents alleged that Lamone was driving a Toyota Camry while under the influence of alcohol in both prior convictions. Based on these documents, the district judge denied Lamone's motion to dismiss.

The case proceeded to a bench trial on stipulated facts, including:

"In this case, the State admitted for purposes of this motion Exhibit 1, which are the certified municipal court records from Defendant's 2009 conviction, and Exhibit 2,

3

which are the certified municipal court records from Defendant's 2011 conviction. The charging document in Exhibit 1 alleges that on May 23, 2009 the Defendant drove a blue Toyota Camry under the influence of alcohol to the [degree] she could not safely operate her vehicle. She was also charged in that document with running a red light. The charging document in Exhibit 2 alleges that on August 10, 2011 the Defendant drove [a] silver Toyota Camry under the influence of alcohol with a blood alcohol concentration of .208. She was also charged in that case with running a red light."

At the bench trial, the judge noted Lamone's continuing objection to the use of the Wichita DUIs and found Lamone guilty "based on review of the stipulation of facts."

Before sentencing, Lamone objected to including the Wichita DUIs in her criminal history score. The district judge overruled the objection, incorporating by reference his prior rulings on the issue.

On appeal, a Court of Appeals panel held that Lamone's two previous DUIs could not be considered past convictions under K.S.A. 2016 Supp. 8-1567. *State v. Lamone*, 54 Kan. App. 2d 180, 194-95, 399 P.3d 235 (2017). The panel vacated Lamone's sentence and remanded her case to the district court for resentencing. 54 Kan. App. 2d at 194-95.

This court granted the State's petition for review.

DISCUSSION

K.S.A. 2017 Supp. 8-1567(i)(1) establishes the criteria for determining whether a prior DUI conviction may be counted for determining whether a new DUI conviction is a first, second, third, fourth, or subsequent DUI conviction. Convictions for a "violation of an ordinance of any city . . . which prohibits the acts that [K.S.A. 8-1567] prohibits" are counted as prior DUIs.

4

Our decision in *Gensler*, 308 Kan. at 685, holds that a prior municipal DUI conviction under the version of W.M.O. 11.38.150 in effect at the time of Lamone's convictions does not count as a prior DUI under K.S.A. 2017 Supp. 8-1567(i)(1), because the ordinance defines "vehicle" more broadly than the state statute and thus prohibits a broader range of conduct. The broader definition means that the Wichita ordinance does not prohibit the acts that K.S.A. 2017 Supp. 8-1567 prohibits.

*Gensler* dictates the outcome of this case and compels a decision in Lamone's favor. Lamone's 2010 and 2011 Wichita municipal DUIs cannot be used for sentencing purposes for her current DUI prosecuted under K.S.A. 2017 Supp. 8-1567. The State has not presented new arguments that cause us to reconsider *Gensler*, and there is nothing different about Lamone's case that leads us to think otherwise.

CONCLUSION

We affirm the Court of Appeals decision vacating Lamone's sentence and remand the case for resentencing.

* * *

STEGALL, J., dissenting:  I dissent from the result and rationale in this case for the same reasons I dissented in *State v. Gensler*, 308 Kan. 674, 423 P.3d 488 (2018).