NOT DESIGNATED FOR PUBLICATION

No. 120,534

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL L. REIDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 28, 2020. Vacated and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: Michael Reider appeals the categorization of his DUI conviction as a felony offense and asks that he be resentenced. In reply, the State concedes that Reider "is correct and is entitled to be resentenced."

Kansas law provides that a DUI conviction is a felony if the person has two prior DUI convictions after July 1, 2001, and one of the prior convictions occurred within 10 years. K.S.A. 2019 Supp. 8-1567(b)(1)(D), (i). The district court sentenced Reider for a felony DUI because Reider had had two DUI convictions and both were within the 10-year period.

But one of the convictions was for a DUI within the City of Wichita, and the Kansas Supreme Court has decided that a DUI offense under the Wichita city ordinance in effect at the time of Reider's offense is defined more broadly than under Kansas law. See *State v. Gensler*, 308 Kan. 674, Syl., 423 P.3d 488 (2018). Because of that, Reider's Wichita DUI conviction can't be considered under K.S.A. 2019 Supp. 8-1567.

That means that Reider had only one prior conviction that counted under K.S.A. 2019 Supp. 8-1567, so he should have been found guilty of a misdemeanor, not a felony, and sentenced accordingly. See K.S.A. 2019 Supp. 8-1567(b)(1)(B). While the district court did not have the benefit of the *Gensler* decision when it sentenced Reider, K.S.A. 2018 Supp. 22-3504(1), which was in effect when Reider filed this appeal, allowed the correction of an illegal sentence "at any time."

We recognize that Reider has now fully served his sentence and that the Legislature amended the statute, effective May 23, 2019, to provide that an illegal sentence may be corrected "at any time while the defendant is serving such sentence." See K.S.A. 2019 Supp. 22-3504(a). Here, however, neither party has filed a letter under Supreme Court Rule 6.09 (2019 Kan. S. Ct. R. 39) suggesting that we should apply the amended statute to this appeal, and the State has conceded that Reider should be resentenced. We therefore do not consider the statutory amendment.

Reider has also raised a claim that the district court didn't credit him for some jail time that should have been credited against his sentence. Because Reider has already served his entire sentence (and that sentence is the maximum that could be ordered in a resentencing), that issue is moot. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Because of the collateral consequences of a felony conviction, however, Reider has a right to be resentenced. 295 Kan. at 842.

We therefore vacate Reider's sentence and remand this case to the district court for resentencing without inclusion of Reider's Wichita DUI as a prior DUI conviction.