NOT DESIGNATED FOR PUBLICATION

No. 123,359

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

GREGORY A. HAYES,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 19, 2021. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., HURST, J., and MCANANY, S.J.


PER CURIAM: Gregory A. Hayes appeals his sentence for a second time after the district court resentenced him following a remand from a panel of this court. *State v. Hayes*, No. 120,801, 2020 WL 3579871 (Kan. App. 2020) (unpublished opinion). On appeal, Hayes contends that his sentence was illegal based on an erroneous criminal history score. Based on our review of the applicable statutes and caselaw, we find that the Missouri statute that is at issue in this case is broader than the Kansas statute of aggravated battery. Thus, because we are duty-bound to follow the precedent of the Kansas Supreme Court, we vacate Hayes' sentence and remand this case for resentencing.

1

FACTS

The underlying facts regarding Hayes' crimes of conviction are not material to the limited issue presented in this appeal. On August 24, 2018, Hayes pled guilty to—and was convicted of—one count of kidnapping and one count of aggravated sexual battery pursuant to a plea agreement. At the plea hearing, Hayes admitted to committing these crimes on July 15, 2017. On January 23, 2019, the district court determined that Hayes' criminal history score was C and sentenced him to a controlling term of 134 months' imprisonment.

In sentencing Hayes, the district court relied on a presentence investigation (PSI) report that showed numerous prior convictions. One of the convictions listed in the PSI report was a 2010 Missouri conviction for second-degree assault in violation of Mo. Rev. Stat. § 565.060 (2006). Although Hayes made no objection to his criminal history score before sentencing, he appealed to this court. On appeal, he argued that the Missouri conviction had been "potentially misclassified" because the State did not present evidence that the Missouri statute was identical to or narrower than a comparable Kansas person felony as set forth in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

A panel of this court vacated Hayes' sentence and remanded the case to the district court for resentencing after a determination of the appropriate criminal history classification. *Hayes*, 2020 WL 3579871, at *1. On remand, the district court held a hearing at which the State presented evidence that Hayes' Missouri second-degree assault conviction fell under subsection (2) of Mo. Rev. Stat. § 565.060. In addition, the State produced the charging document from Missouri alleging that Hayes "knowingly caused physical injury to [the victim] by means of a deadly weapon by shooting him." Moreover, the State produced evidence showing that the factual basis for Hayes' plea stated that he "knowingly caused physical injury to [the victim] by shooting at him."

Accordingly, the district court found that Hayes was convicted under subsection (2) of Mo. Rev. Stat. § 565.060 in that he "knowingly caused physical injury to another person by means of a deadly weapon." The district court further found that the Missouri statute was not broader than the Kansas aggravated battery statute found at K.S.A. 2017 Supp. 21-5413(b)(1)(B). After making this determination, the district court again found that Hayes' criminal history score was C, and it reimposed the original sentence.

Thereafter, Hayes filed a timely notice of appeal.

ANALYSIS

On appeal, Hayes contends that the district court erred on remand by classifying his prior 2010 Missouri conviction for second-degree assault under Mo. Rev. Stat. § 565.060 as a person felony. There is no dispute that Hayes' prior conviction in Missouri constituted a felony. Likewise, the State does not dispute that the Kansas Supreme Court's holding in *Wetrich* is applicable here based on the date of Hayes' current crimes of conviction. As a result, the only issue is whether the prior Missouri conviction should be classified as a person felony or as a nonperson felony.

In *Wetrich*, the Kansas Supreme Court interpreted the term "comparable" as used in the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq., to mean that "the elements of the out-of-state crime cannot be broader than the elements of the Kansas crime. In other words, the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." 307 Kan. at 562. Although the Kansas Legislature amended K.S.A. 21-6811(e)(3) in 2019 to clarify when a crime should be classified as a person or nonperson crime, Hayes committed his crimes before the enactment of the 2019 amendments and is entitled to have his Missouri conviction reviewed under the identical-or-narrower test set forth in *Wetrich*. See *State v. Samuels*, 313 Kan. 876, 879, 492 P.3d 404 (2021).

3

Whether a criminal sentence is illegal under K.S.A. 2020 Supp. 22-3504 is a question of law over which our review is unlimited. See *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019). The classification of prior convictions involves statutory interpretation of the revised KSGA, K.S.A. 2020 Supp. 21-6801 et seq., which also presents a question of law over which we have unlimited review. *State v. Bradford*, 311 Kan. 747, 750, 466 P.3d 930 (2020). Whenever possible, we are to discern the meaning of a statute based on its plain language. *State v. Pattillo*, 311 Kan. 995, 1004, 469 P.3d 1250 (2020). In addition, in making the comparison between the offenses, we must consider not only the plain language of the statute, but also the relevant statutory definitions and the interpretation of the statutory elements in state judicial opinions. See *State v. Gensler*, 308 Kan. 674, 685, 423 P.3d 488 (2018).

If the crime severity level or the criminal history score is shown to be incorrect, the resulting sentence cannot conform to the statutory provision in the term of punishment authorized and is therefore illegal. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Typically, a PSI will satisfy the State's burden when a defendant lodges no objection to the inclusion of an offense in his or her criminal history. K.S.A. 2020 Supp. 21-6814(b); *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). However, "more is required when the summary does not indicate which version" of an offense a defendant has committed. 309 Kan. at 1275.

Here, the case reaches us after a remand to determine the appropriate subsection of the Missouri statute under which Hayes was convicted. Under a *Wetrich* analysis, the district court is tasked with comparing the elements of the 2010 Missouri aggravated assault statute with the elements of a comparable Kansas crime in July 2017, the date Hayes committed his current crimes of conviction. At the time Hayes committed his crimes in this case, our Supreme Court defined a comparable offense as one in which "the elements of the out-of-state crime must be identical to, or narrower than, the elements of the Kansas crime to which it is being referenced." *Wetrich*, 307 Kan. at 562.

Because Missouri's crime of second-degree assault is a divisible statute, this court may look to the underlying facts—provided by the State on remand through permissible district court documents—to determine which elements of the Missouri crime should be compared. This process is referred to as the modified categorical approach. We note that the modified categorical approach does not allow the court to consider the underlying facts when determining comparability. Rather, the modified categorical approach is merely a tool to get to the categorical approach, which compares only the elements of the crimes. See *Gensler*, 308 Kan. at 682-84.

Hayes acknowledges that the State provided sufficient evidence to the district court on remand to show that he was convicted of subsection (2) of Mo. Rev. Stat. § 565.060. That statute provides that a person commits the crime of second-degree assault if the person "knowingly causes physical injury to another person by means of a deadly weapon . . . ." Mo. Rev. Stat. § 565.060(2). The district court applied the modified categorical approach, noting that the charging documents and the factual basis for the plea confirmed that the conviction was supported by documents that indicated that Hayes knowingly caused physical injury to a victim by using a deadly weapon to shoot him. After finding that the conviction fell under subsection (2) of the Missouri statute, the district court properly moved on to the categorical analysis, comparing the elements of Hayes' prior Missouri conviction to a comparable Kansas crime at the time of his underlying offenses.

In performing the categorical analysis of the elements, the district court found the Missouri crime of second-degree assault comparable to the Kansas crime of aggravated battery. At the time of Hayes' current crime of conviction, the Kansas aggravated battery statute defined aggravated battery as "knowingly causing bodily harm to another person with a deadly weapon." K.S.A. 2017 Supp. 21-5413(b)(1)(B). Kansas lacks a statutory definition for "bodily harm," but our Supreme Court has defined the term as "'any touching of the victim against [the victim's] will, with physical force, in an intentional

5

hostile and aggravated manner.' [Citation omitted.]" *State v. Phillips*, 312 Kan. 643, 671, 479 P.3d 176 (2021); *State v. Robinson*, 306 Kan. 1012, 1027, 399 P.3d 194 (2017). In comparison, the 2010 Missouri statutes defined "physical injury" as "physical pain, illness, or any impairment of physical condition." Mo. Rev. Stat. § 556.061(20).

Hayes argues that one of the elements of Mo. Rev. Stat. § 565.060(2) is broader than the elements of K.S.A. 2017 Supp. 21-5413(b)(1)(B) when the court looks to the relevant statutory definitions and the interpretation of the statutory elements in state judicial opinions:  Kansas aggravated battery requires a touching of the victim, whereas the Missouri statute does not. See *Phillips*, 312 Kan. at 671 (bodily harm requires a touching); *Gensler*, 308 Kan. at 685 (the court must look to relevant statutory definitions and the interpretation of the statutory elements in judicial opinions). Neither party has cited a case stating that bodily harm under Mo. Rev. Stat. § 556.060(2) requires a touching, and our research has not shown that touching is required under Missouri caselaw.

Hayes provides a hypothetical example in support of his claim that one could possibly be convicted of second-degree assault under Mo. Rev. Stat. § 565.060(2) without touching the victim. The State responds by noting that the Missouri statues also define "serious emotional injury," arguing that serious emotional injury would be more applicable rather than the definition of bodily harm under Mo. Rev. Stat. § 556.061(20). In his reply brief, Hayes provides two additional examples, including:  a perpetrator forcing a victim to jump off a building at gunpoint and a perpetrator using a deadly weapon to force the victim to drink poison without ever touching the victim. These examples provide illustrations of how one could possibly be convicted of second-degree assault under the Missouri statute without a physical touching.

Certainly, common sense would tell us that shooting someone is inherently a person crime. Moreover, the outcome would likely be different if *Wetrich* was not

6

applicable in this case. Fortunately, these types of problems should not arise in the future. Nevertheless, we are duty-bound to follow *Wetrich* in this case and, based on our understanding of its holding, we conclude that the Missouri crime of second-degree assault under Mo. Rev. Stat. § 565.060(2) is broader than the Kansas crime of aggravated battery under K.S.A. 2017 Supp. 21-5413(b)(1)(B).

The State suggests that we should compare the Missouri crime to battery under Kansas law. The Kansas battery statute in effect in 2017 defined battery as: "(1) Knowingly or recklessly causing bodily harm to another person; or (2) knowingly causing physical contact with another person when done in a rude, insulting, or angry manner." K.S.A. 2017 Supp. 21-5413(a)(1) and (2). However, as discussed above, a touching or physical contact is not required under the Missouri second-degree assault statute, so it is also broader than the Kansas battery statute.

In light of the holding in *Wetrich*, we find that Hayes' prior Missouri conviction for second-degree assault should have been classified as a nonperson crime when calculating Hayes' criminal history score. Thus, we remand for resentencing consistent with this opinion.

Sentence vacated and case remanded with directions.